SURRIDGE *v*. ELLIS.

Opinion delivered March 1, 1915.

1. APPEAL AND ERROR—EVIDENCE—QUESTION FOR JURY—PREPONDERANCE.—
   Where there is substantial evidence to warrant the verdict of the
   jury, the same will not be set aside, although it appears to be
   against the preponderance of the evidence.

2. OVERFLOW—DAMAGE TO LAND.—In an action for damages caused by
   the overflow of plaintiff's land, due to the digging of a ditch by
   defendant, it is not necessary for plaintiff to show that the
   water flowed directly on to his land; if the flow of water was
   diverted and caused to overflow plaintiff's land, it is immaterial
   whether or not it first overflowed other lands, or flowed through
   some other waterway, before reaching plaintiff's land.

3. OVERFLOW—VALUE OF LAND—DAMAGES.—In an action for damages
   due to overflow, the measure of damages is the difference between
   the value of the land at and before the time the ditch, which caused
   the overflow, was completed, and its value after the alleged over-
   flow.

4. DAMAGES—ERROR—HOW CURED.—In an action for damages for the
   overflow of land, an error committed in submitting to the jury
   the issue of damages to plaintiff's crop, may be cured by requiring
   plaintiff, after verdict, to remit an amount equal to the damage to
   the crop, according to the highest estimate of its value given in
   evidence.

5. APPEAL AND ERROR—SPECIAL FINDING—DISCRETION OF COURT.—The
   trial court has a discretion in the matter of requiring the jury

to make a special finding, which will not be disturbed in the absence of an abuse of that discretion.

6. TRIAL—SPECIAL FINDING—SINGLE ISSUE.—The jury will not be required to bring in a special finding where there is only one issue to be found by them.

7. TRIAL—MISCONDUCT OF JUROR.—The ruling of the trial court, on the issue of the misconduct of a juror, will not be disturbed, in the absence of a showing of an abuse of the court's discretion.

Appeal from Randolph Circuit Court; *W. A. Cunningham*, Special Judge; affirmed.

*T. W. Campbell*, for appellants.

1. Instruction 5 is erroneous. There is no evidence tending to show that the ditch discharged any water upon appellee's land.

2. There is no evidence on which to base instruction 7.

3. Instruction 8 errs in allowing an award of full damages based upon a permanent injury to the lands, and also damages sustained to the crop of 1912 on the same lands. This error was not cured by requiring a remittitur. It was prejudicial error to refuse to require the jury to make special findings as to damages sustained, if any, upon the various items set out in the complaint. Kirby's Dig., § § 6207, 6208; 65 Ark. 241.

4. The judgment should be reversed because of the misconduct of the juror, Reney, in his partisan championship of appellee's interest in the jury room, and also, while the trial was in progress in permitting one of the witnesses to discuss the merits of the case with another party, in the juror's hearing, during an intermission of the trial. Kirby's Dig., § 6215.

*S. A. D. Eaton*, for appellee.

1. Instruction 5 is correct. Whether the waters of the ditch overflow appellee's land, directly or indirectly, the effect upon the land is the same, and he is entitled to compensation for the damage. 72 S. W. 225.

2. Instruction 7 correctly states the law relative to the measure of damages. 86 Ark. 91-96; 93 Ark. 46-55; 44 Ark. 103-106; 51 Ark. 324-328.

3. If there was any error in instruction 8 in allowing an award of damages to the crop of 1912, that error was cured by the remittitur. There was no error in refusing to require the jury to bring in special findings. 36 Ark. 371.

4. The alleged misconduct of the juror Reney was inquired into by the court on the hearing of the motion for new trial, and testimony heard. The court's finding and judgment thereon should not be disturbed.

McCULLOCH, C. J. The plaintiff, E. L. Ellis, owns a small farm near Black River in Randolph County, and the defendants own adjoining lands. Plaintiff sues to recover compensation for injuries alleged to have been done to his land by reason of digging a ditch by defendants. There was a verdict in plaintiff's favor assessing damages at $550, but on hearing the motion for new trial, the court required plaintiff to enter a remittitur of $150 on account of the error in submitting the question of damages done to crop for the year 1912. The remittitur was entered by plaintiff and judgment rendered accordingly, from which defendants have prosecuted an appeal.

It is claimed by plaintiff that the ditch cut by defendants gathered up waters from a certain area and diverted them from their natural course and caused them to flow through another water course, which overtaxed the capacity of the latter and overflowed on plaintiff's land. There is no conflict in the testimony about the digging of the ditch, and the course and dimensions thereof, but there is a conflict in the evidence as to its effect upon the flow of water. The east end of the ditch was cut through a ridge, and the evidence adduced by plaintiff tends to show that this amounted to a diversion of the water from its natural course and emptied it into another course which was overflowed and caused the injury to his land. There is a cypress brake or slough running through plaintiff's land, which some of the witnesses speak of as a lake, and that is the natural drainway into which the ditch emptied its waters, which, according to plaintiff's evidence, were diverted from their natural flow.

(1)   It is earnestly insisted that the evidence does not show that the flow of water thus diverted was sufficient to overflow the natural drainway, which was much larger, but the testimony of several of the witnesses tends to show that the additional flow of water gathered up by this ditch and diverted, did in fact cause the waterway to be overflowed.  It is insisted that the evidence is not sufficient to sustain a finding that digging this ditch and cutting it through the ridge, thus diverting the flow of the water, caused the injury to plaintiff's land, but after careful consideration of it, we are of the opinion that there was evidence of a substantial character which warranted the finding.  We will not stop to consider where the preponderance of the testimony is on this subject, but content ourselves with the statement of the conclusion that there is evidence legally sufficient to sustain the verdict. Counsel for defendants argues very plausibly that from the evidence it is highly improbable that enough water would flow through the ditch to cause the cypress brake to overflow, and we are not insensible to the force of his argument; but, after all, we do not feel at liberty to invade the province of the jury and set aside the verdict because it appears to be against the preponderance of the evidence.

(2)   Several errors are assigned with respect to the court's charge to the jury.  The first assignment relates to instruction No. 5, which counsel contends is erroneous in telling the jury that if they found from the evidence that defendants' ditch gathered the waters and discharged them upon plaintiff's land so as to cause damage to his land or crop, the verdict should be for plaintiff.  It is argued that the evidence does not show that the waters were discharged from the ditch on plaintiff's land.  It is true that the evidence shows that the ditch did not reach to plaintiff's land, and that the waters discharged from its mouth did not flow directly over plaintiff's land, but the evidence is that they flowed into this brake or lake, as it is called by some of the witnesses, and overflowed that so as to cause the injury to plaintiff's land.  We are of

the opinion that that evidence was sufficient to justify the instruction given by the court. It was not essential, in order to make out a case, to show that the waters flowed directly on plaintiff's land from the ditch. If the flow of water was diverted and caused to overflow plaintiff's land, it is immaterial whether or not it first overflowed other lands, or flowed through some other waterway, before reaching plaintiff's land.

(3)  Another instruction (No. 7) was objected to, which relates to the measure of damages. This instruction told the jury that in estimating the damages they should take into consideration the difference between the value of the plaintiff's land at and before the time the ditch was completed, and its value after the alleged overflow of waters. It is urged that there is no testimony showing what the value was either before or after the ditch was completed. We think counsel is mistaken in his contention, for a number of witnesses testified concerning the value. It is true they arrived at their conclusions indirectly, but, after all, the effect of their testimony had a tendency to establish the value of the land and the consequent depreciation of the value. *St. Louis, I. M. & S. Ry. Co.* v. *Brooksher,* 86 Ark. 91; *St. Louis, I. M. & S. Ry. Co.* v. *Magness,* 93 Ark. 46.

(3)  Another instruction (No. 7) was objected to, court in submitting the item of damage for crop of the year 1912. It is sufficient, however, to say in reply to that contention that the court cured that error by requiring plaintiff to remit an amount equal to the damage to the crop for the year 1912, according to the highest estimate placed on it by any witness.

(5-6)  The court gave all of its charge to the jury before the argument, except at the conclusion of the argument an instruction was given as to the form of the verdict. Thereupon counsel for defendant requested the court to make special findings as to the different items of damages sustained by the plaintiff. The court refused to give the instruction on the ground that the request came too late. The court eliminated from the verdict the

erroneous assessment of damage to the crop for the year 1912, and that left only the damage for permanent injury, to the land. There was nothing to call for special findings of fact, and there was no abuse of the court's discretion in refusing to instruct the jury to make separate findings. This court held in *Little Rock & Fort Smith Ry. Co.* v. *Pankhurst, Admx.*, 36 Ark. 371, that the matter of requiring the jury to find specially on particular questions is one of discretion, which will not be controlled unless there is an abuse of the discretion. In disposing of that question, the court after adopting the statute on the subject, said: "Such requirement may be very proper in some cases, but wholly useless and unnecessary in others, and only the court trying the case, can judge of the expediency of it."

(7) There is one other assignment of error, and that relates to the refusal of the court to grant a new trial on account of alleged misconduct of one of the jurors in talking to a witness about the case while it was under consideration by the jury. The court heard testimony on this assignment of error, and found that the charge of misconduct was not sustained. There is abundant testimony in support of the court's finding on that issue, and we are not disposed to disturb it.

Upon the whole, we find no error in the record, and the judgment is affirmed.