SPRINGFIELD *v.* HOUSING AUTHORITY OF CITY OF LITTLE ROCK.

5-1310                                    304 S. W. 2d 938

Opinion delivered June 17, 1957.

[Rehearing denied Sept. 30, 1957]

*O. W. Pete Wiggins,* for appellant.

*Mehaffy, Smith & Williams,* for appellee.

MINOR W. MILLWEE, Associate Justice. Appellee, Housing Authority of the City of Little Rock, Arkansas;

brought this suit in circuit court to condemn 7½ residential lots with 27 dilapidated dwellings located thereon for a slum clearance and urban development project. The case was transferred to chancery court, where the appellants, as owners, contested appellee's right to take the property on numerous grounds. Trial resulted in a decree finding that the properties comprised a portion of a blighted slum area which appellee was entitled to condemn and take in its slum clearance project. The court further established just compensation for the taking at $48,740.00, for which amount appellants were awarded judgment against appellee.

Appellants have abandoned all contentions concerning the right of appellee to take the properties in question and the sole issue on this appeal is the amount fixed as compensation.

The testimony in regard to valuation of the properties followed the usual pattern in cases of this kind. Each side presented three real estate experts as witnesses. The three experts presented by appellants inspected the properties as a ''committee'' and each fixed the fair market value at $75,450.00. One of appellee's witnesses fixed the fair market value at $42,040.00, another fixed it at $43,400.00 and the third found said value to be $44,740.00.

The six experts were well qualified and it would serve no useful purpose to detail the various factors, methods, considerations and reasons given by each in reaching his opinion as to the market value of the several properties which are near and similar to those involved in the recent case of *Springfield* v. *City of Little Rock,* 226 Ark. 462, 290 S. W. 2d 620. In this connection, we cannot agree with appellants' insinuation that appellee's witnesses are not well qualified and their conclusions incomplete and inaccurate merely because they were not members of the National Society of Residential Appraisers and did not follow a particular formula advocated by that organization in fixing fair market value. Contrary to appellants' further contentions, an examination of the

evidence also discloses that appellee's witnesses gave consideration to rental income and the value of the houses located on the several lots in reaching their conclusions as to market value.

Appellants also argue that the trial court erred in viewing the properties in question. However, no objection to the court's action in this respect was made at the trial and the question cannot be raised for the first time on appeal. *Koelsch* v. *Arkansas State Highway Commission,* 223 Ark. 529, 267 S. W. 2d 4. In addition to a personal inspection of the property, the chancellor also had the advantage of observing the witnesses as they testified and was in a more favorable position than we are to evaluate their testimony. It is certain that he did not wholly accept the testimony of any particular witness and we cannot say his findings and conclusion as to fair market value are against the preponderance of the evidence. The decree is accordingly affirmed.