ARK. HIGHWAY COMMISSION *v.* WILMANS.

5-3032                                                    370 S. W. 2d 802

Opinion delivered September 30, 1963

*Dowell Anders* and *Thomas B. Keys,* for appellant.

*Wayne Boyce* and *Fred M. Pickens, Jr.,* for appellee.

SAM ROBINSON, Associate Justice. In the exercise of the right of eminent domain, the Arkansas State Highway Commission condemned for highway purposes, a strip of land 13 feet wide across the front of two tracts of land owned by appellee, Charles H. Wilmans, in Jackson County. The damages estimated by appraisers for the Highway Commission amounted to $6,275.00. We

will designate the separate parcels as the north and south tracts. In the north tract there are 132 feet facing the highway. On this property there were located two buildings, one containing a liquor store and the other a beer parlor. The south tract had no improvements. The jury returned a verdict for the property owner, appellee, in the sum of $19,500.00. The Highway Commission has appealed.

The principal issue on appeal is whether the trial court erred in refusing to strike the testimony of certain witnesses who testified for the property owner as to the value, the witnesses having testified that in arriving at an opinion of the damages suffered by the owner, they took into consideration the profits of about $10,000.00 annually the appellee earned from the operation of the liquor and beer business.

Testimony about the profits was developed in this manner: The attorney for the property owner questioned the witnesses about their knowledge of property values and then asked them the value of the property before the taking, the value after the taking, and the resulting damages.

One witness, Mr. Buffington, testified to a value of $2,000.00 on the south tract before the taking and a value of $1,500.00 after the taking, thereby showing damages by reason of the taking of the south tract of $500.00. He then testified that the value of the north tract was $40,000.00 before the taking and $9,367.60 after the taking, thereby showing damages of $30,632.40 by reason of the taking of the strip across the north tract. The witness was not asked any questions on direct examination about how he arrived at the valuation before and after the taking. On cross-examination, he was questioned about how he arrived at such valuations. It then developed that in reaching an opinion as to value he had taken into consideration the profits earned in the business located on the property. He also took into consideration the value of personal property located on the premises. Mr. Buffington testified:

"A. . . . In order to get a true value on that, actual value of the property, I went to Mr. Wilmans and got his figures on his volume of business for the last three years and according to that volume of business this property would make, bring back $40,000.00 in four years, which would make it in my opinion a fair value. Most investments would have to retire over a longer period of time but this particular type of business is hazardous in that the area could be voted dry and the value of this property, its best value was due to its location, it being the first business of this type on 67 Highway next to a dry area, a long stretch of dry area, so I felt like I would almost have to take that into consideration in valuing the property.

Q. Who operates this business?

A. Mr. Wilmans.

Q. And you say it would make a profit of $40,000.00 in four years?

A. It did an average for the last three years of a hundred and one thousand per year, three hundred and three thousand in a three year period through '61; ten percent of that would be just a little over $10,000.00 a year net. I took ten percent of the gross; I don't know what his profits were; but after talking to several people in this type of business they tell me that ten percent of your gross would be a mighty close figure to your net profit after taxes and insurance.

Q. Using this figure of a net profit of $10,000.00 you arrived at the value of $40,000.00 for the property?

A. No, I took that into consideration in evaluating the property. I took into consideration that, the profits made in this business, due to its good location would get a man's investment back in four years; to stretch it any further than that wouldn't be a good basis to figure it. I took that into consideration."

The attorney for the Highway Commission promptly moved to strike *all* of this witness' testimony because

he had stated that he took into consideration the profits of the business in arriving at the $40,000.00 value of the property before the taking. The motion to strike was overruled. It will be noticed that the motion was to strike *all* of the witness' testimony. His testimony regarding the valuation of the south tract did not take into consideration any profit. That property was unimproved; hence, the objection to using profits made in a business as a basis for the valuation of the property is not applicable to the south tract, and the witness' testimony concerning the south tract was admissible. The court was therefore correct in overruling the motion to strike *all* the testimony of Mr. Buffington. "A motion to exclude all the testimony of a witness is properly overruled if a part of it is competent." *Nichols* v. *State,* 92 Ark. 421, 122 S. W. 1003.

The situation is different in connection with the testimony of James Parish, a witness for appellee property owner, on valuation. He gave his opinion that the north tract was worth $35,000.00 before the taking and was worth $3,500.00 after the taking, resulting in damages to the north tract of $31,500.00. He was not asked on direct examination how he arrived at the before valuation of $35,000.00. When it was developed on cross-examination that he had taken into consideration the profits from the business in reaching that valuation, the attorney for appellant moved to strike his testimony regarding the $35,000.00 value. The motion was overruled. It should have been granted.

In *Arkansas State Highway Commission* v. *Addy,* 229 Ark. 768, 318 S. W. 2d 595, it was pointed out that witnesses who testified as experts on the value of the property and the damages, stated that they considered the profit derived from the operation of a business in reaching their appraised value. This court held that it was improper to consider profits of the business in arriving at the value of the land. The judgment was, accordingly, reversed.

In *Hot Spring County* v. *Crawford,* 229 Ark. 518, 316 S. W. 2d 834, the court said: ". . . A real estate appraiser testified that in determining damages to the Crawford land he capitalized this $4,000.00 net profit per annum and used the result as a factor in fixing the Crawfords' damages . . .". It was there held that the net profit of a business could not be considered as a factor in arriving at the damages to the land. To the same effect is *Hot Spring County* v. *Bowman,* 229 Ark. 790, 318 S. W. 2d 603. This view is sustained by the great weight of authority. In a note in 16 A.L.R. 2d 1113, the annotator says: "With remarkable unanimity the American jurisdictions hold that evidence of profits derived from a business conducted on property is too speculative, uncertain, and remote to be considered as a basis for computing or ascertaining the market value of the property in condemnation proceedings. The reason for this rule is that the profits of a business do not prove the value of the property upon which it is conducted, since they depend on other considerations, such as market conditions and the skill and knowledge of the proprietor of the business."

But appellee argues that the fact that appraisers for appellee considered the profits of the business in arriving at a valuation was brought out on cross-examination and that therefore the trial court did not err in overruling the motions to strike.

Appellee relies on the case of *Arkansas State Highway Commission* v. *Kennedy,* 234 Ark. 89, 350 S. W. 2d 526. There, it was developed on cross-examination by the highway attorney that an appraiser, a witness for the landowner, had considered what the Commission had paid for other lands in the community. The price paid for other condemned lands is not proper basis for valuation in a condemnation proceeding. In that case, however, the court instructed the jury not to consider that part of the witness' testimony regarding price paid to others. Moreover, the Kennedy case is distinguished from the case at bar by the fact that the witness for Kennedy did not testify as to any price paid by the High-

way Commission for other land. Such prices could have been a great deal less than the Highway Commission witness appraised the value of the land involved in the particular case on trial at the time. Certainly, in the case at bar, if the property owner had been operating his business at a loss of $10,000.00 per year instead of a profit in that amount, the fact that the appraisers took such loss into consideration would not have been prejudicial to appellant.

It is firmly established that profits from a business can not be used as a criterion for value of property in an action such as the one in the case at bar. Witnesses for appellant had not stated on direct examination how they arrived at the value they placed on the property. Appellant could not have complained because a witness gave no basis for his opinion as to value if there had been a failure to cross-examine on that point. The court said in *Arkansas State Highway Commission* v. *Johns,* 236 Ark. 585, 367 S. W. 2d 436: ''Two of the witnesses, Bob Gelly and Joe Snelly, were real estate dealers in Crawford county. After having first stated that they were familiar with land values in the vicinity of the Johns property and that they had inspected this property, both these witnesses expressed their opinion as to the fair market value of the appellees' property before and after the taking. The appellant made an unsuccessful attempt to have this testimony stricken, on the ground that neither witness had stated the facts and reasons forming the basis for his opinion. . . . It was incumbent upon counsel for the appellant to support their motion to strike by showing that the landowner's expert witnesses had no reasonable basis for their opinions. Counsel actually made no effort in that direction, the motion to strike Snelly's testimony having been made without any cross-examination at all. Thus there was a complete failure to overcome the *prima facie* admissibility of the testimony that was challenged.''

In the case at bar, the attorney for appellant did cross-examine and show that the witness had used an invalid basis in fixing value.

Reversed and remanded.