ARK. STATE HIGHWAY COMM. *v.* CARPENTER.

5-3028                                    371 S. W. 2d 535

Opinion delivered October 14, 1963.

[Rehearing denied Nov. 11, 1963.]

*Dowell Anders, H. Clay Robinson* and *Don Langston,* for appellant.

*Donald Poe,* for appellee.

SAM ROBINSON, Associate Justice. This is an eminent domain proceeding in which the Arkansas Highway Commission condemned a portion of two tracts of land. It is alleged that the tract owned by appellees, C. A. and Lessie Slagle, was damaged in the sum of $850.00, and the tract owned by appellees, Allen and Joella Carpenter, was damaged in the sum of $100.00. There was a judgment for the Slagles in the sum of $3,163.00, and a judgment for the Carpenters in the sum of $2,900.00. The Highway Commission has appealed.

For reversal the appellant contends that the court erred in refusing to strike the testimony of the landowners' value witness, alleging that he did not use a proper basis for determining the before and after value.

The appellees' witness who testified to the value of the property was Donald M. Roderick, a real estate

dealer in Ft. Smith, Arkansas. After having stated on direct examination his opinion as to the market value before and after the taking, Mr. Roderick was asked by counsel on cross-examination exactly how he arrived at the market value after the taking. He testified that he considered loss of land taken, replacing a fence, loss of trees, replacement of shrubs and flowers, moving the house back from the right of way line, cost for replumbing and rewiring the house after it was moved, and finally the cost for a motel or hotel for a family to stay until the workmen could get the house back in livable condition after it is moved from its present location.

All the items mentioned above, with the exception of the cost required to live in a motel, are factors to be properly considered in arriving at the before and after value. We have said that there is no set formula or pattern that must be followed in arriving at before and after value. *Springfield* v. *Housing Authority of the City of Little Rock*, 227 Ark. 1023, 304 S. W. 2d 938; *Ft. Smith & Van Buren District* v. *Scott*, 103 Ark. 405, 147 S. W. 440. Consideration may be given to every element which a purchaser, willing but not obligated to buy, would consider. *Pulaski County* v. *Horton*, 224 Ark. 864, 276 S. W. 2d 706; *Little Rock Junction Ry.* v. *Woodruff*, 49 Ark. 381, 5 S. W. 792. The profits of a business, however, cannot be considered in arriving at the value. *Arkansas State Highway Commission* v. *Wilmans*, 236 Ark. 945, 370 S. W. 2d 802 (September 30, 1963).

Certainly, all the items mentioned by Mr. Roderick, with the exception of the cost of staying at a motel, are factors to aid in determining the difference in the before and after value of the property; these figures would likely be used by a buyer to determine market value. In *Arkansas State Highway Commission* v. *Ptak*, 236 Ark. 105, 364 S. W. 2d 794, we quoted as follows from *Arkansas State Highway Commission* v. *Speck*, 230 Ark. 712, 324 S. W. 2d 796; "Evidence of the cost of improvements for restoration purposes and relocation costs is proper." But, we also said: "Let it be borne in mind that these prospective expenditures are not the measure

of damages, but are only an aid in determining the difference in the before and after value of the property.''

The testimony as to the cost of staying in a motel while the house is put back in livable condition cannot be considered as a factor in determining market value; but in making his objection to Mr. Roderick's testimony, counsel asked that all Roderick's testimony be stricken, and did not specifically point out that the cost of hotel or motel accommodations should not be considered in determining market value. The court was correct in overruling the motion to strike all of the testimony of Mr. Roderick. As recently as September 30, 1963, in *Arkansas State Highway Commission* v. *Wilmans, supra,* we said that a motion to exclude all the testimony of a witness is properly overruled if a part of it is competent.

Appellant makes the same objection to Mr. Roderick's testimony with respect to the Carpenter property, but what we have said regarding the witness' testimony about the Slagle land applies in a like manner to the damages sustained by the Carpenters.

Affirmed.

Paul Ward, Associate Justice (dissenting). For the many reasons hereafter set out, I am unable to agree with the majority opinion.

A quick glance at the wide divergency of estimates made by different parties in this litigation emphasizes the need for strict compliance with established rules in condemnation cases wherein the taxpayers pay the bills. Appellees, Slagle, asked for $10,000 damage for the right-of-way taken by the state; their own expert witness valued the property at only $12,840 before the taking; the state's appraisers estimated their damage at $850; and the jury gave them $3,163. There is a well established rule in this state applicable to a case of this kind. In my opinion this rule was not followed in this case.

*The Rule.* Where there is a partial taking of a landowner's real property (as here) the following rule applies: (a) Determines the market value of the property before the taking; (b) determine the market value of the property after the taking, and (c) the difference is the amount of damages to which the owner is entitled.

*Authority for the Rule.* In the early case of *St. Louis, Arkansas and Texas Railroad* v. *Anderson*, (1882), 39 Ark. 167, the rule was clearly stated to be:

''The true measure of damages is the difference between the market value of the whole tract before the taking and the market value of what remains to him after such taking . . .''

To my knowledge this case has never been overruled or modified but it has been cited with approval in at least eleven of this Court's decisions, and the rule has been restated in many other decisions of this Court.

Not only has said rule been recognized and adhered to by this Court during all these years but it is recognized by all texts examined by me. Orgel, Valuation Under Eminent Domain, (1st ed. 1936), sets out three formulas —each adopted by different courts. At page 158 he defines the third formula: ''Difference between the Fair Market Value of the Property before and after the Taking''. The same formula is reiterated in Orgel's 2d ed. at page 236. The same rule is also recognized by Nichols, Eminent Domain, (3rd ed. 1962) Vol. 4 at page 509, and Jahr, Eminent Domain, (1957) at page 136. All these authorities recognize and point out that some states adopt a *second* method which is described as ''Value of the Part Taken Plus Damages to the Remainder''. Our Court, of course has not heretofore seen fit to adopt this *second* formula.

*Is there a difference between the two methods described above?* It hardly seems necessary to answer this question. If there is no difference then it would appear that the above mentioned authorities and also this Court have been wasting their time. There are, of course, several differences, but it will suffice to point out only one.

States that do not allow a reduction of special benefits accruing to the landowner from his damages suffered could well afford, perhaps, to adopt the *second* formula—value of land taken plus damages to the rest of the land. Arkansas, however, is not such a state. See: *Ark. State Highway Comm.* v. *Snowden,* 233 Ark. 565, 345 S. W. 2d 917, and cases cited therein. An example of two from the case under consideration will illustrate the point in issue: The expert witness gave as one element of damages that appellant would have to rebuild a fence which was torn down. It is possible that the fence was not an asset and that its absence did not detract from the market value of the farm. The same thing could also be said about the trees, or most any other item.

*Did the Court apply the Rule?* I take it that the majority admit the before and after rule was the applicable rule in this case, and we must assume they agree there is a difference between the rule and the *second* rule mentioned above. The only question then is, was the rule, in effect, applied in regard to the expert testimony given by Roderick. I agree that, in form, the rule was followed in the testimony given by Roderick on direct examination. He stated that, in his opinion, the property was worth $12,840 before the taking and $9,640 after the taking. From there on it was just a matter of arithmetic to determine that Slagles should receive $3,200 as damages. However, on cross-examination, Roderick, in my opinion, showed that he followed (to the letter) the *second* rule and not the before and after rule. The reason there can be no doubt in my mind is that the several items of damages (proper in the *second* rule) amounted exactly to $3,200. After detailing the several items, he said: "I have it all figured out as to costs which does total $3,200."

One reason for writing this dissent is the hope that it might in some way help prevent confusing the rule which we have sanctioned so many times with a rule which we have never sanctioned. I think the trial attorney and judges are entitled to that for future guidance.

*The Proper Objection.* I cannot at all agree with the majority in holding appellant's objection bad because part of Roderick's testimony was true. If the *method* used by Roderick in arriving at $3,200 damages is incorrect, then all the testimony goes out. When the wrong figure is subtracted from a given figure the result cannot be right.

I am not impressed with the idea that Roderick could not arrive at the fair market value of the land after the taking ($9,640) without considering all the elements of damages. He didn't have any such aids when he arrived at the figure of $12,840—the value before the taking.