Ark. State Hwy. Comm. *v.* Byrd.

5-3249

377 S. W. 2d 165

Opinion delivered April 6, 1964.

*Mark E. Woolsey* and *Bill B. Demmer*, for appellant.

*Hall, Purcell & Boswell*, for appellee.

Carleton Harris, Chief Justice. This is a condemnation case. Pursuant to filing its Declaration of Taking, the Arkansas Highway Commission condemned and took possession of 0.09 acres of land belonging to C. D. Byrd and wife. On September 10, 1963, a jury was impanelled for the purpose of hearing evidence and determining the amount of compensation to which Mr. Byrd and his wife were entitled because of the taking and damage to their land. The jury returned a verdict in the amount of $7,000, and from such judgment comes this appeal.

For reversal, the Highway Commission relies upon two points, but it is only necessary that we discuss the first point, since we are of the view that the court committed error in permitting certain testimony. The evidence offered by appellees consisted of the testimony of Mr. and Mrs. Byrd. The Byrds had operated a restau-

rant for several years before the condemnation proceedings. They operated in one building for about four years, and then built a new building back of the old one, tearing down the older structure in order to have space for a parking lot.[1] In testifying, Mr. Byrd stated that a little better than half of his parking area was condemned.[2] In mentioning various factors which were taken into consideration in reaching his determination of the before (condemnation) and after (condemnation) value, Mr. Byrd's testimony reveals the following:

"Q. Ted, how many years did you operate out there in this old building?

A. Oh, I would say approximately four years or better.

Q. Did you include that forty-two hundred dollars in expenses that you were out when you tore down the old building in your estimate of before and after value?

A. Well, I estimated the building of the building and the tearing down and disposing of it—of what it cost to build it and dispose of it.

Mr. Stanley: At this time we move to strike the testimony of this witness with reference to the before and afer value for the reason he stated he included forty-two hundred dollars it cost him to destroy an old building prior to the time he constructed the building now in question.

The Court: Will you read back the question and answer?

Mr. Stanley: I'll restate the question.

The Court: If you would.

Q. Ted, in arriving at the before and after value —there's been some testimony that it cost forty-two hundred dollars to tear down the old building and build your new building—I believe ·it was forty-two hundred dollars—

---

[1] The Byrds also had their home located on the premises, a little back and north of the new building.

[2] A strip, approximately 38 feet wide across the front was taken.

A. Yes, sir.

Q. Now, my question was did you include that in arriving at your before and after value in your claim for just compensation here today?

A. I don't know if I get that exactly or not.

Q. Did you consider that forty-two hundred dollars when you were arriving at what you felt was the difference in the fair market value of your property before and after the taking?

A. No, sir, that was valued in on the value of the property before the taking. In other words, that's what it cost me to dispose of the building in order to have that parking area.

Mr. Stanley: We move to strike.

The Court: Motion denied."

Mrs. Byrd also testified that it cost around $4,200.00 to construct, and tear down, the old building. The Highway Department attorney objected to this testimony.

Highway attorney: "Your honor, we're going to have to object to this line of questioning because it has nothing to do with the value of the premises as of 16 March 1962."

Appellee's attorney: "I don't know whether it does or not, it's a fact."

Highway attorney: "He's questioning now if there is evidence as to—"

Appellee's attorney: "That they tore down a building that cost them about forty-two hundred dollars, including the cost of tearing it down, in building a new one. I mean that's all I'm doing."

The objection was overruled.

Of course, in arriving at a before and after value, appellees were entitled to show the value of the land, together with the improvements thereon at the time of the taking, and the value of the property after the

taking—but not the cost of an improvement that had formerly been placed on the land but which had been removed prior to the condemnation, for after the building had been removed, that portion of the land was in its original condition, and its value was neither greater nor less because of the fact that a building had been located thereon for about four years.

Appellees state that the motion of appellant was not proper because it moved to strike all of Mr. Byrd's testimony. We have held on several occasions that this is not a proper motion if any of the witnesses' testimony is admissible. *Arkansas State Highway Commission* v. *Wilmans,* 236 Ark. 945, 370 S. W. 2d 802. *Arkansas State Highway Commission* v. *Carpenter,* 237 Ark. 46, 371 S. W. 2d 535. Appellees are mistaken as to the motion made in the instant case. It will be noted that the motion, set out above, only seeks to strike the testimony of Byrd *with reference to the before and after value.* This motion was proper and should have been granted. It is clear that in reaching his evaluation of the fair market value of the entire premises before the taking, Byrd was permitted to include the cost of constructing, and tearing down, the old building in order to enlarge his parking lot, and this occurred quite a period of time before the taking by the Highway Department. Under the facts in this case, either of these costs was inadmissible.

From what has been said, it is apparent that the court erred in overruling the objection made to the portion of Mrs. Byrd's testimony dealing with the expense of constructing and tearing down the old building; and likewise erred in refusing to strike the testimony of Mr. Byrd in regard to the before and after value because of the fact that Byrd, in reaching his before value figure, considered the $4,200.00 which he stated was the cost of erecting and tearing down the old building.

Reversed.