ARKANSAS STATE HIGHWAY COMMISSION *v.* KATHERYN CHILDRESS DARLING ET AL

5-4303                                            420 S. W. 2d 94

Opinion delivered November 6, 1967

*John R. Thompson,* for appellant.

*John Eldridge,* for appellees.

PAUL WARD, Justice. This is a condemnation suit brought by the Arkansas State Highway Commission to procure three parcels of land to be used in the construction of U. S. Highway No. 64. Each parcel was a part of a larger acreage—each parcel owned by one or more heirs of E. F. Childress and wife, who are deceased.

The parcels of land mentioned in the complaint will, for clarity, be designated as follows:

Parcel (1.)  6.87 acres owned by Katherine Childress Darling and T. R. Childress, for which there was a deposit of $1,700 for compensation.

Parcel (2.)  5.38 acres owned by T. R. Childress et al, with a deposit of $1,500.

Parcel (3.)  0.76 acres owned by T. R. Childress and wife, with a deposit of $5,520.

In answer, appellees alleged the deposits were insufficient compensation for the lands taken and *the damages done to the remainder of the lands,* and accordingly prayed for judgment.

The trial resulted in a judgment against appellant (Commission) as follows: Parcel (1) $2,850; Parcel (2) $3,050, and, Parcel (3) $10,167.

On appeal appellant relies, for a reversal, on three separate points which we now examine.

### One.

"The trial court erred in overruling appellant's motion to strike the value testimony of appellee, T. R. Childress, because he failed to state the market value of the whole tract before the taking and the market value of the remainder after the taking."

We are unable to agree with appellant's contention. According to appellant's own abstract of Childress' testimony he stated:

"My house is 32 x 67, 2,080 square feet of livable area, three bedrooms and two bathrooms. At $12.50 a square foot the house would be worth $26,000.00 and my 480 square feet of carport at $5.00 a square foot would be $2,400.00 and I had to put in a water pump extra. The relocation of the highway has diminished the fair market value at least fifty percent, or $14,350.00."

On cross-examination Childress again testified to the same effect. This Court has many times approved this kind of testimony. For a recent case see *Herman B. Young et al* v. *Ark. State Highway Commission,* 242 Ark. 812, 415 S. W. 2d 575.

We have also many times held that the owner of property has the right to give his opinion as to the value of same.

### Two.

"The trial court erred in overruling appellant's motion to strike the value testimony of C. J. Peacock because he failed to state the market value of the whole tract before the taking and the market value of the remainder after the taking."

In our opinion the trial court was correct in refusing to strike the testimony of this witness. In essence, he testified: I have been actively engaged in farming for about ten years; I have bought and sold land in the vicinity of the lands here considered, and I am familiar with the fair market value of land of a similar type and character; I consider the fair market value of the house as about $12,000 and the shed at about $3,500, and I would value the house and ground after the highway was built as about $4,000 less.

It is apparent from the above abstract of Peacock's testimony that it does not conform strictly with the *before and after* formula, but we think it reaches the same result. In effect it says that the property was valued at not less than $15,500 *before the taking* and $11,500 after the highway was built, *i. e., after the taking*. The witness was cross-examined by appellant and if he didn't mean what we say he meant, then this fact could have been, but was not, revealed. We agree that some of Peacock's testimony was not entirely clear, but no objection was made on that ground. If *part* of his testimony was competent, and we so find, then a motion to strike *all* his testimony was properly denied. *Ark. State Highway Comm.* v. *Carpenter*, 237 Ark. 46, 371 S. W. 2d 535 and *Ark. State Highway Comm.* v. *Bowman*, 237 Ark. 51, 371 S. W. 2d 138.

### Three.

"The trial court erred in overruling appellant's motion to strike damages to the property assessed by C. V. Barnes for valuation based on trees and drainage impairment and attributed as severance damage, inasmuch as no special damages were set out in the pleadings of the appellee."

Again we are unable to agree with appellant's contention. The testimony given by Barnes was comprehensive and in detail—covering ten pages in appellant's abstract—and we deem it sufficient to make only brief references to it. He is a real estate expert, having engaged in making real estate appraisals for twenty years. He not only gave his opinion as to the before and after value of the property but explained the reasons therefor. He pointed out, as a result of the taking, certain damages, such as, drainage, damage to fences, houses, yard, cost of removing houses, removal of trees, etc.

Appellant moved to strike this kind of testimony on the ground that no such damages were pleaded. The trial court overruled the motion over objections. We agree with the trial court.

In appellant's abstract of appellees' answer it is stated that the court deposits were "insufficient for the property taken and the damages done to the *remainder of the lands. . .*" In appellees' Answer and Cross-Complaint (Tr. p. 16) it is alleged they ". . . should recover the sum of $2,500 for the value of the land and $3,000 for damages to the remainder of the tract" (referring to one parcel). The same allegations were made with reference to another tract.

Affirmed.

BROWN and FOGLEMAN, JJ., concur.

JOHN A. FOGLEMAN, Justice, concurring. I concur in the majority's result, but I reach it by approaches which would not result, even unintentionally, in erosive action on our "before and after" rule for testimony directed to the measure of compensation. I agree, however, that when a witness has shown sufficient knowledge to convince the trial judge that his opinion may be of value, he may state his opinion of the damages in a case such as this, when it is obvious that the opinion is based on the proper measure—*i. e.*, the difference between the value of the land before the taking and after. *St. L. I. M. & S. Ry. Co.* v. *Brooksher*, 86 Ark. 91, 109 S. W. 1169. This is not exactly what is involved in this case, in my opinion.

In addition to the testimony set out in the majority opinion, the landowner-witness did testify on cross-examination, after the motion to strike, that he valued his house at $28,700.00 before the taking and $14,350.00 after the taking. Even if it be urged that all his testimony as to values should have been stricken before this examination, certainly this testimony supplied any alleged deficiency so that his entire testimony as to values could not be stricken. Witness Childress not only testified as to the diminution of the value of his residence by reason of the taking, but he also testified as to "per acre" values of certain of the lands actually taken.

There is ample precedent in partial taking cases to permit a witness to testify about the value of things situated on the land taken and about other factors relating to the relative desirability of the remaining lands. This testimony is admissible, not as the measure of damages, but in order to show damage and to explain the elements that a seller or purchaser, either before or after the taking, would consider in arriving at the market value. *Arkansas State Highway Comm.* v. *Hood*, 237 Ark. 202, 372 S. W. 2d 387; *Kirk* v. *Pulaski Road Improvement District No.* 10, 172 Ark. 1031, 291 S. W. 793.

Generally speaking, a landowner, as an aid to the jury in arriving at just compensation, may show anything that a buyer of ordinary prudence would consider before he would purchase or that a seller would weigh either before or after the taking. *Little Rock Junction Railway Co.* v. *Woodruff*, 49 Ark. 381, 5 S. W. 792; *Yonts* v. *Public Service Co.*, 179 Ark. 695, 17 S. W. 2d 886; *Pulaski County* v. *Horton*, 224 Ark. 864, 276 S. W. 2d 706; *Arkansas State Highway Commission* v. *Carpenter*, 237 Ark. 46, 371 S. W. 2d 535. For example, rental income or value may be shown. *Desha* v. *Independence County Bridge Dist. No.* 1, 176 Ark. 253, 3 S. W. 2d 969; *Housing Authority* v. *Winston*, 226 Ark. 1037, 295 S. W. 2d 621; *Springfield* v. *Housing Authority*, 227 Ark. 1023, 304 S. W. 2d 938. Other examples are: Cost of restoration of a retaining wall or relocation, reconstruction or reproduction of a building (*Kirk* v. *Pulaski Road Improvement District No.* 10, 172 Ark. 1031, 291 S. W. 793; *City of Little Rock* v. *Sawyer*, 228 Ark. 516, 309 S. W. 2d 30; *Arkansas State Highway Commission* v. *Bryant*, 233 Ark. 841, 349 S. W. 2d 349); Cost of construction of a road connecting the remaining parts of the land taken (*Arkansas State Highway Commission* v. *Speck*, 230 Ark. 712, 324 S. W. 2d 796); moving costs (*Arkansas State Highway Commission* v. *Jackson County Gin Co.*, 237 Ark. 761, 376 S. W. 2d 553); cost of replacing fence, replacement of shrubs and flowers, moving a house back from a right-of-way line, replumbing, rewiring and loss of trees (*Arkansas State*

*Highway Commission* v. *Carpenter,* 237 Ark. 46, 371 S. W. 2d 535); value of buildings which enhance the market value of the property (*Arkansas State Highway Commission* v. *Griffin,* 241 Ark. 862, 411 S. W. 2d 495).

Furthermore, it has been said that evidence should be directed first to the value of the land taken, and then to damages resulting to the remainder. *Springfield & Memphis Railway Co.* v. *Rhea,* 44 Ark. 258. This procedure is particularly applicable where there is no contention that the remaining property is benefited by the improvement.

The motion was to strike all the values testified to by the witness. His testimony as to the depreciation in value of the house, and as to the values of certain of the lands taken and as to some of the remaining lands affected by the taking, was admissible as hereinabove noted. It was not error to refuse to strike *all* his testimony.

Under the rules above set out, about the same comments can be made on the testimony of Peacock. He definitely stated that the Darling land was worth in excess of $500.00 per acre and the Childress land $500.00 per acre before the highway was built; that the two acres on which the Childress house was situated were worth $2,000.00, the house $12,000.00, a shed $3,500.00; and that the value of the Childress house and grounds was off $4,000.00 after the highway was built. These are certainly elements to show that the property was damaged.

I think there was no error in the court's refusal to strike the testimony of C. V. Barnes because of testimony as to damages resulting from drainage impairment and loss of trees. Lack of trees and poor drainage are certainly items which any purchaser who sought to buy the remainder would consider. The loss of the trees and the impairment of drainage would certainly be kept in mind by a seller.

It was said in *Springfield & Memphis Railway Co. v. Rhea,* 44 Ark. 258, that, where the construction has been completed, the court and jury may properly consider evidence of permanent injury to the land by a substituted drainage system that was insufficient. The contention there made was that this element should have been the subject of a separate action. The court's holding was to the effect that, after construction, the jury may consider the state of facts then existing in determining what damage had been done, embracing all past, present and future damage which the improvement may reasonably produce. It has further been held that under these circumstances impoundment of water as a result of the completed construction, properly or improperly done, may be shown to the jury as an element of damages, as against an objection that such constitutes an element of special damages. *Arkansas Cent. R. Co. v. Smith,* 71 Ark. 189, 71 S. W. 947. Loss of trees has been held to be a proper factor to consider in arriving at the before and after value. *Arkansas State Highway Commission v. Carpenter,* 237 Ark. 46, 371 S. W. 2d 535. Appellant contends that this latter item should be excluded since it was not specifically pleaded. The statement in *Bradley v. Keith,* 229 Ark. 326, 315 S. W. 2d 13, with reference to pleading damages as to lands remaining (probably dictum) is not applicable. Here, Barnes identified the trees as being in the area *taken,* on both direct and cross-examination. Certainly it was proper that appellant's counsel ask, as he did, the basis for the witness's testimony and the elements of damage he considered. The answers could not be calculated to have misled the jury as to the measure of damages. He had already given his valuation of the property before and after the taking.

BROWN, J., joins in this concurrence.