St. Louis, Iron Mountain & Southern Railway

Company v. Miller.

Opinion delivered March 10, 1913.

1. Damages—overflow of land.—When plaintiff's land is permanently damaged by the construction of a ditch by a railroad company, causing overflow of the land, the measure of damages is the difference between the market value of the land before and after the construction of the ditch. (Page 278.)

2. Appeal and error—instructions—measure of damages.—No prejudicial error is committed by a trial court in instructing the jury on the measure of damages to plaiintiff's land due to overflow, by the use of the words "value" of the land, instead of "market value," when the record shows that the testimony was directed to the "market value" of the land damaged. (Page 279.)

3. Damages—excessive award.—Damages awarded plaintiff by the jury for the overflow of plaintiff's land caused by defendant's act, will not be held excessive when there is ground for such award in the testimony of the witnesses. (Page 279.)

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; affirmed.

STATEMENT OF FACTS.

Appellee brought this suit against appellant to recover damages on account of his land being caused to overflow by the appellant digging a ditch near his land for the purpose of draining its road bed.

The facts as adduced by appellee are substantially as follows:

In the year 1910 the appellant, seeking an outlet for the water that accumulated near its right-of-way dug a ditch parallel with its line of railroad for a distance of about five miles. The railroad ran north and south. Appellant then dug a lateral ditch from the main ditch running east a distance of about two miles where it emptied into Bayou Two Prairie. Appellee owned a fractional forty-acre tract of land situated about half a mile south of where this lateral ditch emptied into the bayou. Appellee purchased the land in 1906 and the consideration recited in the deed was fifty dollars. The land was low, wet land, and at the time appellee purchased it none of it was in cultivation. Subsequently appellee cleared six acres of the land and began to cultivate it. He also built a house on the land. The natural drainage of the country at that point is south. The dirt that was taken out of the ditch was piled up on the south side of it and the water is collected in the ditch and prevented from flowing out by the embankment on the south side of it so that it is carried down the ditch to the bayou and then overflows it and runs down to appellee's land, and overflows it.

All of appellee's witnesses testify that the water is collected by the ditch and cast in a body into the bayou and then spreads out into the whole bottom, overflowing appellee's land much quicker than it did before the ditch was constructed. Some of the appellee's witnesses testified that the market value of his land before the ditch was constructed was twenty-five dollars per acre and others estimated its market value at fifteen dollars per acre. They all testify that appellee's land is damaged

by reason of the construction of the ditch and say that a considerable portion of the land is now worthless.

On the other hand, the testimony on the part of appellant tends to show that the land was only worth three or four dollars per acre and that the construction of the ditch did not materially damage it. The witnesses for appellant stated that the effect of constructing the ditch was to cause the water to rise on appellee's land a day earlier but said the water ran off the land quicker than before the ditch was constructed.

Other facts will be referred to in the opinion.

The jury returned a verdict for appellee in the sum of one hundred and twenty-five dollars, and the case is here on appeal.

*Thos. B. Pryor,* for appellant.

1. The measure of damages is the difference between the market value of the land before and after the construction of the drain.

2. The damages are excessive.

*Chas. A. Walls* and *Thos. C. Trimble, Jr.,* for appellee.

1. The court properly instructed the jury as to the measure of damages, and the verdict is not excessive. 93 Ark. 47; 95 *Id.* 297.

Hart, J., (after stating the facts). It is conceded that the digging of the ditch diverted the water from its usual and ordinary course and collected it in a body and cast it in greater volume into the bayou, thereby overflowing appellee's land, and that whatever injuries were done to appellee's land were apparent from the time the ditch was constructed; and were permanent injuries to his land.

In such cases the measure of damages is the difference between the market value of the land before and after the construction of the ditch. *St. L. I. M. & S. Ry. Co.* v. *Morris,* 35 Ark. 622; *St. L. I. M. & S. Ry. Co.* v. *Magness,* 93 Ark. 46, and cases cited.

Counsel for appellant also concede that this is the measure of damages, but they contend that the court did not so instruct the jury. In the instruction complained of, the court in effect told the jury that the measure of damages in this character of cases is the difference between the value of the land before and after the construction of the ditch. Counsel insist that the instruction was erroneous because the court did not use the words "market value." The jury evidently understood the court to mean "market value." The appellee himself testified what the market value of his land was before and after the construction of the ditch. All his witnesses testified to what they considered the market value of his land. At one time appellee was asked what was the value of his land, and the court told him to confine his answer to the market value. If counsel for appellant thought that the jury did not so understand the instruction he should have made a specific objection to it. Again it is insisted by counsel for appellant that the court erred in not permitting appellee to state what was the value of the land at the time he purchased it. We do not think there was any error in this. Appellee purchased the land several years before the ditch was constructed, and the testimony shows that the value of lands in that vicinity had risen considerably since the date of his purchase. Besides, appellee might have purchased the land at less than its market value. Then, too, the deed to appellee was introduced in evidence and it recited a consideration of fifty dollars, which was not denied to be the true consideration.

Finally, it is insisted that the damages are excessive. It must be conceded that the jury was extremely liberal in awarding damages to appellee, but when we consider the market value of the land before and after the construction of the ditch, as testified to by the witnesses for appellee, we can not say that there was no testimony to warrant the verdict of the jury.

The judgment will be affirmed.