FORT SMITH LIGHT & TRACTION COMPANY *v.* SCHULTE.

## Opinion delivered October 27, 1913.

1. EMINENT DOMAIN—DAMAGES—SUFFICIENCY OF EVIDENCE.—In a suit to condemn property, evidence held sufficient to warrant the verdict assessing the damages. (Page 578.)

2. INSTRUCTIONS—WHEN AIDED BY OTHER INSTRUCTIONS.—Although one instruction given might be susceptible of an erroneous construction, when all the instructions read together properly state the law, no error will be held to have been committed. (Page 578.)

3. EMINENT DOMAIN—ELEMENTS OF DAMAGE.—When a railway condemned a right-of-way through appellee's land, damages may be awarded for the value of the land taken, and damages, if any, to the balance of appellee's land. (Page 579.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

### STATEMENT BY THE COURT.

This suit was brought by appellant for the purpose of condemning a right-of-way across a strip of land owned by appellees near the city of Fort Smith, in Sebastian County, Arkansas.

Appellees, in their answer to the petition for condemnation, set up that the location of the appellant's line of road and the shape of the land thereafter, the necessity for constructing additional fences, streets and crossings on account of the erection of the street railway track across the land, would damage the same in the sum of $3,000, and they prayed judgment for that amount.

Schulte, one of the appellees, testified: "I think we would have to fence the right-of-way on both sides, and put a road through the center of the farm to get back to the Jenny Lind road. I think the right-of-way through the entire farm where it is, ought to be worth $500 an acre. It leaves all of the high land on the east of the tract, and cuts off the low land. It would be a hard matter to sell the low land cut off from the high ground. The high ground would have sold the low ground."

A plat was introduced in evidence, and the witness pointed out on the plat the condition of his land before and after the railway track was constructed across the

same. He stated, among other things, that there was a cut of four and a half feet across the best ground; said that there was no public highway from the north side of the land to the land on the west side. Stated that they raised "a good many horses, hogs, cows and mules, and it would be hard to use the place for that purpose with the street car track there." He stated that he thought they should have $5,000 damages, including the right-of-way. He said the chief value of the land was because of its proximity to the city of Fort Smith. The street car track would injure the land for residence purposes. The land would sell for truck farming, but, by putting the street car on the low ground, they would never be able to sell the high land for residence property.

Other witnesses corroborated appellee, Schulte, as to the inconvenience in getting to the land by reason of the right-of-way of the appellant, and as to the damage caused thereby. One witness stated that he estimated the damage to the whole tract at $4,000 or more. Another witness stated that if the land were cut up into smaller tracts, it would sell for more than $300 an acre. One witness stated that the west side, lying between the Iron Mountain railway track and the street car track was flat and undesirable for residence property; that the best of the land was east of the street car track, and to get the best price, the good land must sell the bad. One witness stated that the road running through there "almost ruins the farm if a man wants to rent it out;" that the low land, on the west, had very little value disconnected from the high land on the east. The land would not be as valuable for truck farming, because of the street car track. Witness placed the value of the land taken for right-of-way at from two to five hundred dollars per acre. Including the damage to the farm by the running of the right-of-way through it, the total sum ranges from two to five thousand dollars, according to the testimony of the witnesses for the appellee.

This testimony was given by witnesses who had been on the land, and knew from personal observation as to

the damage caused by the right-of-way of appellant through the land.

The testimony of some of the witnesses on behalf of the appellant, on the other hand, tended to show that there was no damage to the residue of the land by reason of the right-of-way of appellant over it, and tended to show that the value of the land taken for the right-of-way averaged from $125 to $150 per acre. The quantity of land taken by the right-of-way was 1.8 acres.

In instructions numbered 2 and 3, the court told the jury, in part, that, "in determining the damages to the balance of the farm by reason of the taking of this road-bed, you should take into consideration the lay of the whole tract, and its location with reference to public roads," etc., specifying the various elements, as shown by the testimony, that the jury might consider in determining the amount of damages.

At the request of the appellant, the court instructed the jury, in part, as follows: "Your verdict should be for the plaintiff, condemning said strip of land for right-of-way purposes, and for the defendants and against the plaintiff for the value of the land taken, and damages, if any, to the balance of said tract of land."

Further, "In arriving at the amount of defendants' damages, you should allow them the fair market value of the land actually taken for right-of-way on the date that this action was commenced, together with the amount of damages to the balance of the tract, if any, owned by defendants and crossed by the said right-of-way."

The jury returned a verdict in favor of the appellees, assessing the value of the land taken at $600, and awarding damages to the balance of the tract in the sum of $1,500. The appellees remitted $200, and judgment was entered in their favor for the balance.

*Hill, Brizzolara & Fitzhugh,* for appellant.

1. The verdict is grossly excessive and shocking to one's sense of justice. There was no evidence to sustain it. There was also error in admitting evidence as to

the value of the land. The true test was the difference in value before the railway was built and afterward, leaving out of consideration the enhanced value on account of building the road.

2. The instructions *assumed* that the balance of the tract was damaged. This is error and invaded the province of the jury. The question, whether the land was damaged by the construction of the road, was not left to the jury.

*A. A. McDonald* and *Winchester & Martin,* for appellees.

1. It was the duty of the jury to weigh the testimony and give it such weight as it was entitled to. 30 Ark. Law Rep. 537.

2. There is no error in the court's charge to the jury as to the damages. Lewis on Em. Dom., § 656, note 73; 44 Ark. 106. The verdict is not excessive.

Wood, J., (after stating the facts). The testimony on behalf of the appellees as to the value of the land taken for the right-of-way and the damages to the remainder by reason thereof was competent, and was sufficient here to sustain the verdict. See *Fort Smith & Van Buren Dist.* v. *Scott,* 103 Ark. 405.

Appellant complains that the instructions of the court assumed that the balance of the tract of land was damaged by the taking of the right-of-way and the construction of the street railway, and that, inasmuch as this was controverted by the testimony in behalf of the appellant, the instructions were erroneous and prejudicial. When these instructions are taken in connection with the instructions given at the instance of appellant, we are of the opinion that they could not have misled the jury, and that, they were not conflicting, but submitted the question to the jury as to whether the remainder of the land had been damaged.

In *Brinkley Car Works & Mfg. Co.* v. *Cooper,* 75 Ark. 325, it was contended that an instruction assumed the existence of a fact which was in dispute, and we held that, the instruction standing alone might be open to that

construction, but not so when read in connection with the other instructions, and that it would not be susceptible of the construction contended for by appellant.

So we say here, the instructions, when considered together, as they must be, are not contradictory, and they furnished the jury a correct guide as to the elements to be considered in determining the measure of damages in suits to condemn according to the rule that has been often announced by this court. *Stuttgart & Rice Belt Ry.* v. *Kocourek,* 101 Ark. 47, and cases there cited.

Judgment affirmed.