GRIFFIN v. SEARCY COUNTY.

Opinion delivered November 7, 1921.

1. EMINENT DOMAIN—DAMAGES—PROVINCE OF JURY IN ASSESSING.—
   In the assessment of damages for injury to real estate, juries must
   necessarily be governed by the testimony of the witnesses in the
   case, but in reaching a result, may consider all the evidence in
   the case, and are not restricted to values of, and estimates of
   damages to, real estate fixed by the opinion of one or more wit-
   nesses.

2. APPEAL AND ERROR—EVIDENCE VIEWED FAVORABLY TO APPEL-
   LEE—In testing the sufficiency of evidence to support a verdict, the
   Supreme Court will view it in the light most favorable to the
   party who secured the verdict.

Appeal from Searcy Circuit Court; *J. M. Shinn,*
Judge; affirmed.

*D. T. Cotton* and *George W. Reed,* for appellants.

Notwithstanding the rule not to disturb the verdict of
a jury if there is any evidence to support it, yet, if a jury
ignores the testimony and returns a verdict not respon-
sive to it, this court will correct the error. The jury
is not without restraint, and where, in its assessment
of damages, the amount awarded is either so large, or so
small, as to shock the sense of justice, its verdict should
be set aside. 39 Ark. 491; 70 *Id.* 385; 47 *Id.* 567.

*W. F. Reeves,* for appellee.

HUMPHREYS, J. About two acres of land belonging
to appellant was condemned for road purposes in the
Searcy County Court, in which proceeding appellant
was awarded damages in the sum of $300. An appeal
was prosecuted to the circuit court, where, upon a trial
*de novo,* appellant was awarded damages in the sum of
$350, from which is this appeal.

Reversal of the judgment awarding damages in the
sum of $350 only is sought upon the alleged ground
that the least amount which could have been assessed
under the evidence was $700. The basis for this con-
tention is that, according to the testimony of any witness
testifying upon the point, the lowest value of the land
actually taken was placed at $200 and the lowest estimate

of damages made on account of taking it was $500. The opinions of the several witnesses, both as to the value of the land taken and the damages resulting to appellant by reason of taking it, varied widely. In valuing the land actually taken, the testimony ranged from one hundred to four hundred dollars an acre; and in estimating the damages accruing to appellant by reason of taking the land the testimony ranged from five hundred to a thousand dollars.

The record, however, contains other evidence than the opinions of the several witnesses as to the value of the land taken and the amount of damages sustained by appellant on account of taking it. The record reflects the amount, character, and shape of the land taken, the condition in which it left the remaining land belonging to appellant, and the inconvenience resulting to him on account of taking it. The fact was developed that the strip taken was adjoining and parallel to a railroad right-of-way already traversing appellant's lands, so that the taking of the land did not divide the main body of land differently from the way it was divided by the railroad right-of-way; that the railroad right-of-way separated appellant's residence from the main body of land in cultivation, so the taking of the land for road purposes did not cut off appellant's farm lands from his improvements; that the only expense entailed upon appellant by reason of taking the land for the road was the cost of constructing a crossing over it.

In the assessment of damages for injury to real estate juries must necessarily be governed by the testimony of the witnesses in the case, but, in reaching a result, may consider all the evidence in the case, and are not restricted to values of, and estimates of damage to, real estate fixed by the opinion of one or more witnesses. Jurors are accorded great latitude in the consideration of testimony, and in testing the sufficiency of the evidence necessary to support a verdict, this court

"will view it in the light most favorable to the appellee." *Bennett* v. *Snyder,* 147 Ark. 206.

Applying this rule to the facts in the instant case, the jury may have concluded that the only damage sustained by appellant was the value of the land actually taken and the cost of the construction of a crossing over the road. This, on account of the fact that the road paralleled the right-of-way of the railroad already there and did not cut the land in parts different from the parts into which it had been cut by the railroad right-of-way. The evidence would have sustained a much larger verdict than that rendered by the jury, but the evidence is legally sufficient, when accorded its strongest probative force, to sustain the verdict rendered.

No error appearing, the judgment is affirmed.