BLACK *v.* ARK. POWER & LIGHT CO.

5-2956                                    366 S. W. 2d 899

Opinion delivered April 15, 1963.

[Rehearing denied May 13, 1963.]

*Coleman, Gantt & Ramsay,* for appellant.

*George E. Pike* and *House, Holmes, Butler & Jewell,* for appellee.

SAM ROBINSON, Associate Justice. The appellee, Arkansas Power & Light Company, is a corporation organized under the laws of this State for the purpose of generating, transmitting, and supplying electricity for pub-

lic use under the authority of Ark. Stats. 35-301—16. The power company filed this suit to condemn a right of way for a high voltage transmission line across lands owned by appellant, Hattie Boone Black. The Complaint was filed in the Circuit Court of Arkansas County; on defendant's motion, the cause was transferred to equity. The Complaint was filed December 16, 1959; on the same day the Court issued an order authorizing the power company to go on the land and construct the line upon the making of a bond as directed by the Court. The bond was made, the power company proceeded to construct the line, and at the time the cause was heard in Chancery Court, the line was in use.

There was a taking by the power company of a right of way 125 feet wide near the southern boundary line of appellant's property in two sections. There is a fraction over 26 acres in the right of way. The Chancellor found that the land taken for the right of way was worth $250.00 per acre, or a total of $6,632.50, and that appellant's land adjacent to the right of way was damaged in the sum of $2,123.50. A judgment was rendered for the total sum of $8,756.00 and interest.

Appellant's principal contentions on appeal are that the power company did not have the right to take the right of way, and that inadequate damages were awarded.

Appellant first argues that the trial court erred in holding that after the power company introduced its charter and the statutes were considered, the burden was on appellant to show an improper use of the power to condemn. Conceding without deciding that the trial court was in error on this point, it does not follow that the ruling was in any manner prejudicial to appellant, because the power company proceeded to introduce sufficient evidence to show that it was necessary to construct the transmission line to properly supply electricity to the public.

Appellant maintains that the preponderance of the evidence does not show that the transmission line was needed by the Arkansas Power & Light Company to serve its customers in Arkansas. The line is the main trans-

mission facility from the power company's generating plant at Helena to its Woodward Distribution Station at Pine Bluff. Appellee's entire distribution system is connected with the Woodward Station. The mere fact that the power company built at Helena a generating plant at the cost of millions of dollars, and a 230,000 kilowatt transmission line from Helena to Pine Bluff at the cost of more millions of dollars, is pretty strong evidence that the line was needed in Arkansas for Arkansas customers, and there is no substantial evidence in the record tending to prove the contrary. In addition, we quote from appellant's brief an abstract of the testimony of Mr. Carroll Walsh, chief engineer of the power company, to the effect that, in his opinion, the line was necessary: ". . . that it was necessary to add some additional generation to their system to carry the loads expected for 1961; that the generation was, as an engineering decision, located at Helena; that a part of the generation was needed in East Arkansas, but a big part of it was needed at Pine Bluff, where they had large loads and no generation plant, the nearest one being at Little Rock, so it was necessary to build a transmission line to carry a heavy block of power from the new plant at Helena to take care of the loads in the Pine Bluff area."

Appellant says that the effect of this evidence was largely destroyed by cross-examination, but we do not agree. True, it appears that on some occasions the power company sends into other states, electricity generated at Helena and transmitted over the line crossing appellant's property, but this is done pursuant to an agreement with other power companies whereby appellee is enabled to bring into this state, when the occasion demands, for the use of its Arkansas customers, electricity generated elsewhere. The effect of this arrangement is beneficial to the people of this state, as it assures a constant and sufficient supply of electricity at all times.

Appellant stoutly argues that the compensation awarded for the 26 and a fraction acres condemned and for damages to the remaining property is inadequate.

The Chancellor made a finding that the land taken for the right of way was worth $250.00 per acre, and that damages to the remaining land amounted to $2,123.50. Of course, the amount of damages sustained is a question of fact, and we will not reverse the Chancellor on a fact question unless the decree in that respect is against the preponderance of the evidence. Here, we do not feel that the Chancellor's finding of damages is against the weight of the evidence. Appellant and several of her witnesses testified that the land taken was worth more than $250.00 per acre, and she and some of her witnesses testified that all of the farm land, consisting of more than 1,200 acres, had been damaged to the extent of $50 or $60 per acre. On the other hand, several qualified witnesses appeared in behalf of the power company and testified that the land taken for the right of way was worth $250.00 per acre or less, and that there was no damage to the land outside of the right of way.

The power line crosses appellant's property within 110 to 125 feet of its southern boundary line. Appellant owns only about 13 acres south of the right of way of the power line. It appears that at the time the line was constructed, appellant had an oat crop on the property. The Chancellor made an award in the sum of $2,123.50 for damages to the land outside of the right of way. The evidence would sustain a finding that there was no damage to appellant's property north of the right of way. If $1,000.00 was allowed for damage to the oats, there remains almost $90.00 per acre for damages to the 13 acres. Moreover, appellant can continue to cultivate the 125 foot strip in the right of way, notwithstanding she has been paid the full fee value, provided, of course, that she does not interfere with the transmission facilities. She may not be able to fertilize the 13 acres as well as formerly, because now it may be difficult to use an airplane for that purpose; but even so, we do not find that the amount of damages awarded by the Chancellor is against a preponderance of the evidence.

Affirmed.