ARK. STATE HIGHWAY COMM. *v.* SCHANBECK

5-3760                                    398 S. W. 2d 897

Opinion delivered February 14, 1966

*Mark E. Woolsey, Phil Stratton* and *Virginia Tackett*, for appellant.

*Holman & Boyett,* for appellee.

FRANK HOLT, Justice. This is an eminent domain proceeding in which the appellant took 1.37 acres of appellees' land for interstate highway construction purposes. This taking resulted in the destruction of the frontage of appellees' property upon a county road. It is the appellees' position that the remaining portion of their 40-acre tract is now "landlocked" because this destruction of the county road frontage makes it impossible to reach their lands without trespassing

upon their neighbors' intervening lands. The appellant contends that the lands are not "landlocked" because the landowners own a 10-acre tract which corners or is physically contiguous with their 40-acre tract in such a manner as to constitute unity of use. This 10-acre tract is accessible to a county road. The appellees presented evidence to support their theory of being landlocked and the resulting damages from the taking of their lands. The appellant then tendered testimony to establish its theory of a unity of use between the 40-acre and 10-acre tracts by the existence of a 20-foot pathway across the common corner. The trial court struck this testimony and ruled as a matter of law that the lands were not contiguous as to any unity of use.

Appellant's proffered value witnesses or appraisers were unprepared to testify as to their opinion of just compensation based upon appellees' theory. Appellant's request for continuance was denied except for a brief recess. Appellant made no further offer of proof on the issue of just compensation. The court then instructed the jury to return a verdict in favor of the appellees for some amount not less than $4,000.00 nor more than $4,068.50. These amounts represent the lower and upper limits of the value of the land as established by the testimony of appellees' value witnesses. The jury returned a verdict in favor of the appellees in the sum of $4,050.00. From the judgment on that verdict comes this appeal.

Appellant contends for reversal that the trial court erred in instructing the jury that it must return a verdict for the appellees within the limits of the testimony of appellees' value witnesses. We agree with the appellant that this was an erroneous application of the law. A jury has the unrestricted right to exercise its own independent thinking and judgment in translating the testimony into a finding of fact. *Fulbright* v. *Phipps*, 176 Ark. 356, 3 S. W. 2d 49. Even though opinion testimony as to value is in agreement or is uncontradicted it is not conclusive and binding upon the jury since such

testimony is only advisory or an aid to the jury in resolving the issue of fact. *St. Paul Fire & Marine Ins.* v. *Green*, 181 Ark. 1096, 29 S. W. 2d 304; *Western Union Telegraph Co.* v. *Turner*, 190 Ark. 97, 77 S. W. 2d 633; *American Bauxite Co.* v. *Dunn*, 120 Ark. 1, 178 S. W. 934; *Keller* v. *Morehead*, 247 S. W. 2d 218 (Ky. 1952); *State* v. *Shirk*, 91 N. W. 2d 437 (Minn. 1958). In 20 Am. Jur., Evidence, § 1206, we find: "* * * it is generally recognized that the relative weight and sufficiency of *expert* and *opinion* testimony is peculiarly within the province of the jury to decide". [Emphasis added] And § 1208 in pertinent part reads: "Opinion testimony as to value is not conclusive; when uncontradicted, it may be regarded as sufficient proof, but even in such case the jury may exercise their independent judgment."

A jury is permitted to take into consideration not only the testimony of the witness, but the reasonableness of such testimony, the demeanor of the witness, his apparent candor and interest, and whether or not his testimony is in accord with sound judgment and common sense. In the case at bar the jury had the right to decide the issue upon its own fair and independent judgment without being instructed to make a finding of fact within the limits of the uncontradicted opinion testimony.

We are further of the view that the appellant's evidence as to unity of use between the two tracts of land was sufficient to constitute a fact question for submission to the jury.

Reversed and remanded.