ARKANSAS POWER & LIGHT CO. *v.*
JOE A. MAYO, ET AL

5-4481                                425 S. W. 2d 531

Opinion delivered March 25, 1968

*Anderson & Anderson* and *House, Holmes & Jewell*, for appellant.

*Charles B. Roscopf*, for appellee.

CARLETON HARRIS, Chief Justice. Appellees, Joe A. Mayo and wife, are the owners of a 240-acre farm in Phillips County, Arkansas, consisting of two tracts. Arkansas Power and Light Company, appellant herein, condemned a right-of-way, 1,572 feet in length and 125 feet in width, containing 4.51 acres, the right-of-way being off the northeast side of Tract No. 1, and the west side of Tract No. 2. In determining the amount of damages to be awarded appellee, the jury returned a verdict in the amount of $4,059.00. Appellant brings this appeal on the ground that the court committed error in its instructions as to damages.

The instructions complained of are the Defendants' Instruction No. 1, and the Court's Instruction No. 1, which reads as follows:

### Defendants' Instruction No. 1

"You are instructed that Arkansas Power & Light Company acquires by this Condemnation Proceeding the power to make such use of the 4.51 acre right-of-way across the property of the Defendant as its present and future needs require for the purposes for which the right-of-way is condemned, and Arkansas Power & Light Company is liable to the landowners as though the lands were taken in fee simple or absolute title."

### Court's Instruction No. 1

"The jury is instructed that in determining the amount of just compensation to be paid the Defendants in this case, you are to determine from the evidence in this case the fair market value of the whole farm, considering it as a unit immediately before the taking and then determine the fair market value of the whole farm,

considering it as a unit immediately after the taking and the difference between the fair market value before and after the taking is the amount of the just compensation you should award.''

Appellant objected to the giving of the last instruction, and offered its own instruction as follows:

''You are instructed that the compensation to which the defendants are entitled in this cause is the fair market value of the lands within the right-of-way determined as of the date of taking, together with the difference, if any, in the fair market value of the remainder of the lands immediately before and immediately after the taking.''

This instruction was refused by the court.

The company argues that the court clearly committed error in that the two instructions given, taken together, in effect directed the jury to compensate appellees twice for the same land. We think there is merit in appellant's argument, at least, to the extent that the jury may well have been misled by the two instructions.

In *Baucum* v. *Arkansas Power and Light Company*, 179 Ark. 154, 15 S. W. 2d 399, which also involved a right-of-way easement, this court held that compensation for the full market value of the land taken by condemnation is recoverable, and that damages to lands other than that taken is the difference, if any, between the market value of such land before construction and after construction. This rule was reiterated in *Arkansas Louisiana Gas Company* v. *Burkley*, 242 Ark. 662, 416 S. W. 2d 263.

In the case before us, Defendants' Instruction No. 1 told the jury that the power and light company was liable to the landowners as though the lands were taken in fee simple or absolute title, *i. e.*, the company was

*liable for the full value of the* 4.51 *acres* embraced in the condemned strip. Obviously, the 'Court's Instruction No. 1 also includes the value of the strip condemned, as well as compensation for damages to the remainder of the farm. We recognize that the first instruction may have been intended only to point out that the jury must consider the lands as being absolutely taken, instead of the company only acquiring an easement, but we are of the view that the two instructions, taken together, could have been quite confusing. Certainly, it is doubtful that members of a jury, untrained in the law, would fully understand that the method of fixing damages was covered entirely in the 'Court's Instruction No. 1, and that Defendants' Instruction No. 1 was not meant to be used for that purpose (if indeed such is the case). Actually, the proffered instruction by appellant more clearly expresses the law than the 'Court's Instruction No. 1, *albeit* that instruction, standing alone, was correct in stating the measure of damages.

As pointed out in *Dr. Pepper Company* v. *DeFreece,* 234 Ark. 450, 352 S. W. 2d 579, we cannot say, with certainty, that the jurors were confused under the instructions and because of that fact gave judgment for a larger sum than would otherwise have been granted (the appellant thus being prejudiced), but we are less sure that they were not.

The judgment is reversed, and the cause remanded for proceedings not inconsistent with this opinion.

FOGLEMAN, JONES and BYRD, JJ., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. While I agree that the giving of defendant's Instruction No. 1, together with the instruction offered by appellant, would have been preferable, I cannot see how any prejudice could possibly have resulted from the instruction given by the trial judge. Nor can I see how defendant's Instruction No. 1 and the court's Instruction No. 1, given together, could possibly have caused confusion. Nor do

I see how they can be said to call for double compensation.

The rule of *Baucum* v. *Arkansas Power & Light Co.*, 179 Ark. 154, 15 S. W. 2d 399 (reiterated in *Arkansas Louisiana Gas Co.* v. *Burkley*, 242 Ark. 662, 416 S. W. 2d 263), is a proper one for the reasons given in the opinion announcing it. If a jury is not told that the taking must be treated as if it were in fee simple, there is a real danger that it will approach the determination of either the "fair market value of the whole farm, considering it as a unit immediately after the taking," or "the fair market value of the lands within the right-of-way" by attempting to evaluate the right-of-way on the basis of an easement rather than as a fee simple title. Such an evaluation would be proper where the easement does not give the condemnor virtually unlimited right to use the affected areas at any time. *Minkowitz* v. *City of West Memphis*, 241 Ark. 207, 406 S. W. 2d 887. In a case such as the one now before us, I feel that the trial court would have committed prejudicial error by failing to give an instruction such as defendant's Instruction No. 1.

I can find no satisfactory rationalization to distinguish between the court's Instruction No. 1 and the instruction offered by appellant in a case where the condemnor cannot or does not claim offsetting benefits. To determine the fair market value of the remaining lands would necessarily eliminate the fair market value of the lands taken. The basis for the determination would be the value of the remaining lands only. The fair market value of the unit before the taking would necessarily include the fair market value of the lands taken. I fail to see the difference between these two formulae:

    1.  (Fair market value of original unit)—(Fair market value of lands remaining) equals Just compensation;

2. (Value of lands taken) plus (Difference in fair market value of remaining lands immediately before and immediately after the taking) equals Just compensation.

The giving of defendant's Instruction No. 1 could not have stated the *Baucum* rule in simpler language. The majority does not say that either instruction given is erroneous. We should not say that the action of the trial court in giving two correct instructions is erroneous unless they are irreconcilably conflicting. Instructions should not be considered as in conflict where they can be harmonized, *Bain* v. *Fort Smith Light & Traction Co.*, 116 Ark. 125, 172 S. W. 843, LRA 1915D, 1021. I can find no more conflict here than there would be in giving an instruction to a jury that a tortfeasor is liable for *any* damages of which his negligence is a proximate cause and then following with an instruction telling the elements by which to measure the damages. A ready example is found in AMI No. 2401 which provides illustrative instructions for a right-angle automobile collision. In that suggested set of instructions, we find that the first two paragraphs of Instruction 13, read as follows:

"If you should find that Mr. Miller was not guilty of negligence which was a proximate cause of the occurrence, then he is entitled to recover the full amount of any damages you may find he has sustained which were proximately caused by any negligence of Mr. Anderson.

If you should find that Mr. Anderson was not guilty of negligence which was a proximate cause of the occurrence, then he is entitled to recover the full amount of any damages you may find he has sustained which were proximately caused by any negligence of Mr. Miller."

Then we find Instruction 14. telling the jury how to arrive at the amount of Miller's recovery and Instruction 15. telling the jury how to arrive at the amount of Anderson's recovery. Six elements of damage are listed for Miller's recovery and only four for Anderson. Cer-

tainly. we would not say that the jury would be so confused that upon finding for Anderson they would measure his recovery by the elements listed for Miller. Nor would we say that the words "recover the full amount of *any* damages you may find he has sustained which were proximately caused by any negligence of Mr. Miller" were so confusing that the jury might allow him to recover non-compensable damages. [Emphasis mine] For example, a jury might feel that either Miller or Anderson was entitled to recover damages for the loss of use of his automobile under a broad application of the term "any damages." But this element is non-compensable. See *Kane* v. *Carper-Dover Merc. Co.,* 206 Ark. 674, 177 S. W. 2d 41. The jury could only include loss of the use of the automobile by ignoring the instruction on the measure of damages. Similarly, the jury here could only award "double damages" by ignoring the instruction on the measure of compensation given by the trial judge. I can see no real difference between this example and the present case.

It is common knowledge that juries are told that they are to follow the court's instructions as a whole and to avoid singling out any of them. See AMI 101 (b). I believe that the ordinary jury would be intelligent enough that confusion would not result from the two instructions given. We should not assume that a jury will disregard the court's cautionary instructions, as it would have to do to confuse the measure of compensation in the case at bar. I have not been able to find any case where reversal was based on the giving of two correct instructions. Cases holding that two conflicting instructions are misleading and prejudicial are based on situations where at least one of the instructions is incorrect. It is true that separate and distinct instructions, complete in themselves and irreconcilable with each other, cannot be read together so as to modify each other and present a harmonious whole. Even so, correct instructions which are apparently conflicting must be treated by us as a harmonious whole if, from the language used

442

or the relation which the instructions are made by the whole charge to bear toward each other, they can be so read. *St. Louis, I. M. & S. Ry. Co.* v. *Rogers,* 93 Ark. 564, 126 S. W. 375.

It is well known that the retrial of cases is expensive to litigants and to counties, and that it is difficult and trying for attorneys, judges, witnesses, and jurors as well as litigants. We should exercise great caution to find genuinely prejudicial error before we remand a case to a circuit court for retrial. Not only do I not find prejudice, but I cannot even find error. It is quite possible to harmonize the two instructions here.

I am authorized to state that Byrd, J., joins in this dissent.