## ARKANSAS STATE HIGHWAY COMM'N v.
### William C. BOWERS et ux

5-5147                                           451 S. W. 2d 728

### Opinion delivered March 30, 1970

*Thomas B. Keys, Philip N. Gowen* and *Hubert Graves,* for appellant.

*Penix & Penix* and *Douglas Bradley,* for appellees.

Carleton Harris, Chief Justice. This is a highway condemnation case. The Arkansas State Highway Commission acquired .06 acres from a total ownership of 1.6 acres, the property belonging to William C. Bowers, and imposed a control of access between the acquisition area and the remainder. On trial, Mr. Lynn S. Van Natta, a real estate appraiser, testified on behalf of Bowers and wife, appellees herein, that the before value of the property was $62,000.00, the after value, $51,-560.00, and that the property had thus been damaged in the amount of $10,440.00. The jury returned a verdict of $5,000.00, and from the judgment so entered, appellant brings this appeal. Only one point is alleged for reversal, viz:

"The court erred in refusing to strike the testimony of Lynn S. Van Natta, witness for appellee, as to damages, or a decrease in market value, equal to 10% of the value the witness placed on a house before the

taking, which damages, or decrease in market value, was based on an increase in the flow of traffic."

We do not agree with this contention. Van Natta, in reaching his conclusions, testified that he considered the loss of access as an element of damage. This, of course, is permissible. *Arkansas State Highway Commission v. Kesner*, 239 Ark. 276, 388 S. W. 2d 905. Though admittedly, Bowers can still enter his property at the northernmost driveway, it was contended that the southernmost driveway would be difficult to enter, because of a divider which would be placed in that vicinity. Van Natta testified that he understood the divider would extend down to the southernmost driveway. The record then reflects the following testimony:

"Q. Allright, now, then, will that in your opinion be a detriment or hazard to traffic attempting to use that southernmost driveway?"

Counsel for Hwy. Dept.: "Your honor, this is clearly not a proper question. The Highway Department is certainly not under the duty to keep traffic flowing by to increase or decrease traffic."

Court: "The objection will be sustained."

\* \* \*

"Q. Start over. Assuming this island is built in Highway 39, which is a traffic divider beginning somewhere at the south end and coming up in Highway 39 toward the north to a point about equal to—about even with their controlled access area here on the right of way, which is roughly the south side of the south driveway; assuming that, will that affect the resale value of this residential area property?

"A. I would consider it would, yes.

"Q. Now, then, we have already gone over—may I assume it would also very definitely affect access to this development area you have already testified about?

"A. Very much so.

"Q. All right. These, of course, are matters you have taken into consideration in arriving at your after values?

"A. Correct."

On cross-examination, the record reveals the following:

"Q. Mr. Van Natta, I want the jury to understand this. I ask you the third time, I guess, before the Highway Department acquired the .06 of an acre, Dr. and Mrs. Bowers had developed access to that house, didn't they?

"A. Yes.

"Q. All right. After the taking considering the construction in place, do they not still have that same developed access to the property?

"A. The actual physical pavement is there.

"Q. It is access, isn't it? The driveway is still there, isn't it?

"A. That's right.

"Q. There is no fence in front of the driveway?

"A. No fence in front of the driveway, that's right, but you have other considerations to take into consideration.

"Q. Just a minute. This is where we took off

the land at the south end?

"A. You have the south one bringing in an additional amount of traffic, going to go north past that house and coming around there. There is a rather sharp curve. Therefore, you are going to have a difficult situation.

"Q. How much damage—

"A. Will you let me finish my answer?

"Q. Go ahead.

"A. With the additional traffic, and coming from the direction it will be coming, it makes it much more hazardous to attempt to turn in or out of the south lane of that particular driveway.

"Q. How much damage did you attribute to this?

"A. To that particular lane, most of the ten per cent to that."

Counsel for Hwy. Dept.: "I move to strike that testimony, your honor. That is not proper."

Court: "Motion denied."

Counsel for Hwy. Dept.: "Save our exception."

It will be noted that, on direct examination, the court sustained the objection relative to increased traffic. Appellee Bowers, who had a dental office in the same building that constituted the home, was endeavoring to show damages that had been suffered, peculiar to appellees, because of the location of the divider, a loss of access being contended. The merits of such a contention are discussed fully in *Arkansas State Highway Commission* v. *Kesner, supra.* But, if we

should find that a portion of Van Natta's damage testimony was based on an erroneous premise or noncompensable item, we could not sustain appellant's motion. Without question, some of the witness' testimony was pertinent, admissible, and proper for jury consideration.

The motion to strike was ambiguous. "I move to stike *that* testimony, your honor. *That* is not proper." To what testimony do the italicized words apply? There are seven questions and answers (not counting one interruption); as stated, some answers were admissible; some possibly were not. Did the objection refer to the last four answers, the last two, the final answer, or the entire seven?

We have said that a motion to exclude all of the testimony of a witness is properly overruled if a part of it is competent. *Arkansas Highway Commission* v. *Wilmans*, 236 Ark. 945, 370 S. W. 2d 802. Since it is not at all clear to which testimony counsel was referring when he moved to strike, and since at least some of the evidence was admissible, the trial court did not err in its refusal to grant the motion.

Affirmed.