## Floyd Estelle LINDSEY v. CITY OF FORREST CITY

75-345                               536 S.W. 2d 305

Opinion delivered May 17, 1976

744

*Butler, Hickey & Jones,* for appellants.

*Knox Kinney,* City Atty., for appellee.

GEORGE ROSE SMITH, Justice. In 1971 the City of Forrest City, with a population of more than 12,000, made plans for the expansion and improvement of its sewer system. The project included the creation of a 160-acre oxidation pond, in which sewage would be treated with chemicals and by exposure to the air. This eminent domain proceeding was brought by the city to condemn 121.12 acres out of the appellants' 696-acre farm, to be used as a site for part of the oxidation pond. At the trial the city offered only one valuation witness, James Montgomery, who testified that just compensation to the landowners would be $42,392, which Montgomery arrived at by valuing the 121.12 acres at $350 an acre. That was the precise amount of the jury's verdict. For reversal the appellants contend that the trial court should have stricken Montgomery's valuation, because he did not consider the effect of the taking upon the before and after value of the landowners' entire farm.

We agree with the appellants, that Montgomery did not use a permissible method of fixing just compensation. There

is ample proof that the oxidation pond will give off an offensive odor. Moreover, health department regulations prohibit the construction of dwelling houses within 600 feet of such a pond, with the result that 72.72 acres of the landowners' remaining property will not be available for residential use.

Montgomery candidly and unequivocally admitted, upon his original cross-examination, that he had determined just compensation solely by valuing the tract being taken at $350 an acre. He said that he did not consider the rest of the 696-acre tract, "because I wasn't appraising the other land." When asked if he had put a value on the whole farm, he replied: "There's no way that you could do that. . . I did not appraise highway frontage. I was not asked to appraise highway frontage." He explained that he had not determined the value of the whole farm before the taking: "I wasn't interested in that."

The trial judge took the landowners' motion to strike under advisement, to allow Montgomery to be questioned further upon redirect examination. Counsel for the city tried to rehabilitate the witness's testimony, but the effort failed. Montgomery simply had not considered the effect of the taking upon the rest of the 696-acre farm. In saying that he had indeed considered the effect of the oxidation pond he expressed the opinion that the presence of the pond would improve the farm as a whole. He was unaware of the 600-foot restriction. He insisted that the 696-acre tract was worth $350 an acre before the taking and $350 an acre afterwards. Needless to say, his method of valuation was not a proper way to fix just compensation, because the constitutional prohibition against the taking of property without just compensation "extends, not only to the property actually taken, but to the damage, if any, done to the property not taken." *State Life Ins. Co. of Indianapolis* v. *Ark. State Highway Commn.*, 202 Ark. 12, 148 S.W. 2d 671 (1941). Thus Montgomery's estimate was demonstrably wrong and unfair to the landowners, but it was undeniably the basis for the jury's verdict.

Although the point was not made in the trial court and is not raised in the briefs here, it was suggested at our conference that the trial judge's ultimate conclusion was right and

should be affirmed, because the landowners asked that the court "strike the testimony of Mr. James Montgomery." It is said that the motion was properly denied, because part of the testimony was admissible. *Young* v. *Ark. State Highway Commn.,* 242 Ark. 812, 415 S.W. 2d 575 (1967).

The cited rule is sound in certain circumstances, but it should not control this case. When the bare motion to strike is made, with no elaboration, and the trial court simply denies it, his action should be affirmed if part of the testimony is admissible, as in *Ark. Sate Highway Commn.* v. *Bowers,* 248 Ark. 388, 451 S.W. 2d 728 (1970). But here the naked motion did not stand alone. Counsel for the landowners fully explained his objection to Montgomery's testimony. The trial judge agreed, saying that "the statement which he made, if it stands as such, is not a proper appraisal." The city's attorney did not question the wording of the motion; instead, he insisted that the witness should be allowed to clarify his position upon redirect examination. The court afforded counsel that opportunity and, after Montgomery's ineffective effort to explain his position, denied the motion to strike, on the ground that the witness's testimony was "substantially in compliance" with the rules of evidence. In the circumstances the attorney's objection was clearly sufficient, for it met the statutory requirement that he state the grounds for his objection and make known the action which he desired the court to take. Ark. Stat. Ann. § 27-1762 (Repl. 1962); *Bell* v. *Kroger Co.,* 230 Ark. 384, 323 S.W. 2d 424 (1959).

Reversed.

FOGLEMAN, J., dissents.

JOHN A. FOGLEMAN, Justice, dissenting. I would affirm the judgment in this case. I would point out that there was only one point for reversal. It was stated thus:

THE TRIAL COURT ERRED IN DENYING THE MOTION OF APPELLANTS TO STRIKE THE TESTIMONY OF JAMES MONTGOMERY, EXPERT WITNESS FOR THE APPELLEE.

Since this is the case, the question of the sufficiency of the evidence to support the verdict is not for our consideration. We may only consider this one point. I submit that there was no reversible error and that the court has invented both a procedure heretofore unknown, not only in eminent domain cases, but in any other, and a new rule of evidence.

I think the majority's error arises from a faulty premise, i.e., that the function of the expert witness is to fix the amount of just compensation. This is not the case. This is what the expert witness cannot do. This is solely the function of the jury, in the exercise of its own fair and independent judgment. *Ark. State Hwy. Comm.* v. *Schanbeck,* 240 Ark. 277, 398 S.W. 2d 897. Expert witnesses do not decide disputed questions of fact, but only give opinions upon the matters upon which their opinion is sought, to enable the jury to determine the question. *St. Louis I.M. & S. Ry. Co.* v. *Williams,* 108 Ark. 387, 158 S.W. 494.

The place of expert opinion evidence in a trial was articulated clearly in *American Bauxite Co.* v. *Dunn,* 120 Ark. 1, 178 S.W. 934, Ann. Cas. 1917 C 625, thus:

Experts are allowed to give testimony by way of opinion because they are presumed to have acquired more skill and knowledge and are more capable of forming a correct opinion as to the subject matter of the question under discussion, and their opinions are admitted in evidence for the purpose of aiding the jury to understand questions which inexperienced persons are not likely to decide correctly without such assistance. But the testimony of experts may receive only such consideration by the jury as the testimony may appear to the jury to deserve.

The market value of real estate is a matter of opinion. The objective in a trial to determine just compensation is to give the jury all possible information bearing upon the question. The opinions of witnesses who are sufficiently well informed on the subject are admitted, as an exception to the general rule, as an aid to the jury. *Ark. State Hwy. Comm.* v. *Schanbeck,* supra; *Little Rock Junction Ry.* v. *Woodruff,* 49 Ark.

381, 5 S.W. 792, 4 Am. St. Rep. 51; *Ft. Smith & Van Buren Bridge Dist.* v. *Scott,* 103 Ark. 405, 147 S.W. 440. This sort of testimony is advisory only. *Ark. State Hwy. Comm* v. *Schanbeck,* supra. The opinion of such a witness goes to the jury for what it is worth in the jury's eyes. *St. Louis, Ark. & Texas Rr.* v. *Anderson,* 39 Ark. 167. It is to be considered in connection with related facts upon which it is based. *Ark. State Hwy. Comm.* v. *Warnock,* 241 Ark. 998, 411 S.W. 2d 283. It is for the jury to determine the weight to be given to the opinions of these witnesses, depending to some extent on the interest, candor, demeanor, experience, intelligence and knowledge of the witness and the reasonableness of his testimony. *Ft. Smith & Van Buren Bridge Dist.* v. *Scott,* supra; *Bridgman* v. *Baxter County,* 202 Ark. 15, 148 S.W. 2d 673; *Ark. State Hwy. Comm.* v. *Schanbeck,* supra.

The rules governing the determination of just compensation in eminent domain cases have been long and firmly established in this state. The elements which enter into estimation of damages to ascertain the amount of compensation due a landowner for the taking of a right of way across his land are the market value of the land actually appropriated *and* the injury to the remaining land. *St. Louis, Ark. & Texas Rr.* v. *Anderson,* supra. Testimony in cases involving the taking of lands for right of way should be directed *first* to the actual value of the land taken *and then* to the damage resulting to the remainder of the tract. *Springfield & Memphis Ry.* v. *Rhea,* 44 Ark. 258. The measure of damages allowed for the taking of land for right of way is the market value of the land taken *and* the damage resulting to the owner's remaining land from the construction of the improvement. *Pine Bluff & W. Ry. Co.* v. *Kelly,* 78 Ark. 83, 93 S.W. 562; *Texas Illinois Natural Gas Pipeline Co.* v. *Lawhon,* 220 Ark. 932, 251 S.W. 2d 477. *Arkansas Power & Light Co.* v. *Morris,* 221 Ark. 576, 254 S.W. 2d 684. It has been said that the correct measure of "damages" in highway partial taking cases is the market value of the land taken *plus* the damages, if any, to the owner's remaining land not taken, less the special benefits, if any, by reason of the construction of the highway. *Ross* v. *Clark County,* 185 Ark. 1, 45 S.W. 2d 31; *Hempstead County* v. *Huddleston,* 182 Ark. 276, 31 S.W. 2d 300. We reiterated this statement of the correct measure of damages in *Clark County* v. *Mitchell,* 223 Ark. 404,

266 S.W. 2d 831, saying that in arriving at the damages it is proper *to take into consideration* the differences in the market value of the property before and after the taking.

We have approved an instruction telling the jury that a landowner was entitled to a verdict for the value of the land taken *and* damages, if any, to the balance of his tract of land and that, in arriving at the amount of the landowner's damages, it should allow him the fair market value of the land actually taken for right of way *together* with the amount of damages to the balance of the tract, if any, owned by the landowners and crossed by the right of way. *Ft. Smith Light & Traction Co.* v. *Schulte,* 109 Ark. 575, 160 S.W. 855. We have also approved an instruction in a partial taking case that a jury is to take into consideration the fair market value, if any, of the quantity of land embraced in the right of way, along with elements of damage to the residue. *Herndon* v. *Pulaski County,* 196 Ark. 284, 117 S.W. 2d 1051; *Texas Illinois Natural Gas Pipeline Co.* v. *Lawhon,* supra.

In a partial taking case, the value of the land taken is a recoverable element. *Herndon* v. *Pulaski County,* supra; *Texas Illinois Natural Pipeline Co.* v. *Lawhon,* supra. Evidence of the value of the land taken as a separate item of element of compensation has been given and considered in many cases, and held competent in some of them. see, *Ft. Smith Light & Traction Co.* v. *Schulte,* supra; *Herndon* v. *Pulaski County,* supra; *Board of Directors, St. Francis Levee District* v. *Morledge,* 231 Ark. 815, 332 S.W. 2d 822 (where the court measured damages as the value of the land before the construction, less the value of the portion remaining after construction); *Black* v. *Arkanaas Power & Light Co,* 236 Ark. 447, 366 S.W. 2d 899. We have also sustained awards of compensation where the value of the land taken was fixed separately from the fixing of damages to the remainder. *Board of Directors* v. *Morledge,* supra; *Black* v. *Arkansas Power & Light Co,* supra; *Miller Levee Dist. No. 2* v. *Wright,* 195 Ark. 295, 111 S.W. 2d 469.

We did not depart from any of our previous approaches to the matter in *Young* v. *Ark. State Hwy. Comm.,* 242 Ark. 812, 415 S.W. 2d 575. We said that because the value of the part taken plus damages to the remainder rule and the before and

after rule were alternatives, it would not be proper to instruct the jury as to both. But we said: "This does not mean that evidence of the value of the land taken plus damages to the remainder is not admissible." And in *Arkansas Power & Light Co. v. Mayo,* 244 Ark. 435, 425 S.W. 2d 531, we expressed a *preference* for an instruction based on the fair market value of the lands in a right of way taken together with the difference, if any, in the fair market value of the remainder before and after the taking. The experts agree that this approach is the usual formula or method adopted by the courts in partial taking cases. 1 Orgel on Valuation under Eminent Domain 234, § 50 (1953); Jahr, Eminent Domain, Valuation & Procedure 135, § 98 (1957).

We clearly upheld the jury's right to consider evidence on the different elements *separately* in *Ark. State Hwy. Comm. v. McAlister,* 247 Ark. 757, 447 S.W. 2d 649. There we said:

> We have long recognized that one approach to determination of just compensation is a formula consisting basically of two elements, i.e., (1) value of the lands taken and (2) damage resulting to the remainder of the tract, usually referred to as severance damages. *Springfield and Memphis Railway Co. v. Rhea,* 44 Ark. 258; *Young v. Arkansas State Highway Comm.,* 242 Ark. 812, 415 S.W. 2d 575; *Stuttgart and R.B.R. Co. v. Kocourek,* 101 Ark. 47, 141 S.W. 511; *A.P.&L. Co. v. Mayo,* 244 Ark. 435, 425 S.W. 2d 531; *Clark County v. Mitchell,* 223 Ark. 404, 266 S.W. 2d 831. We have said that in partial taking cases the testimony should be first directed to the value of the lands taken and then to the damage resulting to the remainder of the tract. *Springfield and Memphis Railway v. Rhea,* supra. We have recognized that evidence of the value of lands taken plus damages to the remainder is not only admissible but that these two elements are appropriately considered by many appraisers as guides for determining "before and after values." *Young v. Arkansas State Highway Commission,* supra. In *Young,* we held that even though the court's instructions to the jury required a verdict reflecting the difference between "before and after values" rather than value of the lands taken plus severance damages, the landowner might present to the jury a resume of

testimony, relating to one of the elements, which, in that case, was severance damages. Certainly, it could only have been anticipated that the jury might take the same approach. In so doing, they are accorded great latitude on the consideration of testimony and are not restricted to values of, or estimates of damage to, real estate fixed by the opinion of one or more witnesses. *Griffin* v. *Searcy County*, 150 Ark. 423, 234 S.W. 270. In the case last cited, we sustained a verdict for an amount of total compensation not only less than that which could be arrived at from the testimony of any witness but also less than the lowest estimate of severance damages alone. We said that the jury might well have considered that the only damage in that case was the value of the land actually taken plus the cost of constructing a road crossing. We also said that in testing the evidence supporting a verdict for sufficiency, we would consider it in the light most favorable to the appellee.

When we do this here, we find that according to the testimony of the landowner, the 13.65 acres taken would have had a value of $4,095 or $545 more than Pearce assigned to them. The range of estimated damages to the remaining lands was from $2,900 by Pearce to $1,450 by one of the appellant's expert appraisers. Thus, the result reached by the jury was well within the range of testimony offered on the two critical elements of damage, when they are considered separately.

This approach is in harmony with our decisions in partial taking cases such as *Arkansas State Highway Commission* v. *Wilmans,* 236 Ark. 945, 370 S.W. 2d 802, and *Arkansas State Highway Commission* v. *Russell,* 240 Ark. 21, 398 S.W. 2d 201. In the former, we held that a motion to strike only the "before values" given by a witness should have been granted because it included an improper element of damages. In the latter we rejected the argument that when a witness' "after values" are stricken, his "before values" should also be stricken because the two are so closely related that one may be misleading without the other. Of course, "before values" relate to lands taken as much as they do to remaining lands.

We consider here only the particular situation existing in this case, i.e., when there is testimony which could be related separately to values of lands taken and to damages to remaining lands. We do not reach the situation which would be involved if all testimony related to "before and after" values only, and the verdict exceeded the greatest difference in values stated by any witness.

It is quite clear that evidence of the value of the lands physically taken by eminent domain has always been admissible in partial taking cases separate and apart from evidence of damages to the landowner's remaining lands. I am totally baffled by the majority's reliance on *State Life Ins. Co. of Indianapolis v. Ark. State Highway Comm.*, 202 Ark. 12, 148 S.W. 2d 671. There the county judge rejected, out of hand, without any hearing, the possibility of damage to the remaining lands of a landowner through whose property a highway right of way was being taken. The question of admissibility of evidence was not remotely involved.

A closer analysis of Montgomery's testimony will reveal that it was admissible in evidence. The tract taken consisted of 121.12 acres, which he valued at $350 per acre, or a total of $42,392.00. No objection was made to this testimony. On cross-examination, Montgomery was asked if he put any value on the whole tract. He replied that he did not because he was only appraising the land taken and that, while he did consider the surrounding area, he did not put a value on the whole farm either before or after the taking. During cross-examination, appellants' attorney, not appellee's, introduced Montgomery's written appraisal report which showed clearly that he fixed his value of the 121.12 acres at $350 per acre. No objection was made until the cross-examination was completed. This motion was then made:

We move to strike the testimony of Mr. James Montgomery, who is supposed to be an expert witness for the City of Forrest City in that on the date of his appraisal he did not take into consideration the full value for the entire Lindsey farm just immediately before the taking and an after value for the entire Lindsey farm

after the taking to determine just compensation, and that he stated while being examined that he just appraised the 121.12 acres and that was all of it. He put a value on that and that is not competent testimony.

After a recess, there was further redirect examination. It was brought out that Montgomery did not think that the 121-acre tract was worth $350 per acre, but that, considering the whole tract of land of which it was a part to have a value of $350 per acre, he valued this portion at that figure. This approach to valuation of the land taken was proper. In a partial taking, the land taken cannot properly be considered as an isolated tract. It must be considered in its relationship to the whole. 4A Nichols on Eminent Domain 14-100, § 14.231; 1 Orgel on Valuation under Eminent Domain 239, § 52. It is fair to say that further cross-examination revealed that Montgomery did not consider damages to the remainder of the tract sufficiently to give him a fair and reasonable basis for an opinion. Be that as it may, Montgomery's testimony was admissible in evidence, at least in part, and the motion to strike was general, so it was properly overruled. *St. Louis I.M. & S. Ry. Co.* v. *Taylor,* 87 Ark. 331, 112 S.W. 745. The point raised by appellee in the trial court is immaterial. The points raised by appellants in the trial court and here are material. Neither have merit.

I have been unable to find any authority for the majority's bald assertion that determination of error in denying a motion to strike turns upon whether there is an elaboration upon the motion by statement of grounds. The question is whether the testimony was subject to being stricken. The trial court correctly held that it was in substantial compliance with the rules of evidence.

It was permissible for appellee to offer evidence on elements of damage separately. Even when the "before and after" rule is being strictly applied, it is not necessary that each witness give a before and after value of the property. 27 Am. Jur. 2d 321, Eminent Domain, § 425.

It is well established that when any part of a witness's testimony is competent, it is proper to refuse a motion to ex-

clude his entire testimony. *Urban Renewal Agency* v. *Hefley,* 237 Ark. 39, 371 S.W. 2d 141. *Young* v. *Ark. State Hwy. Comm.,* 242 Ark. 812, 415 S.W. 2d 575; *Ark. State Hwy. Comm.* v. *Maus,* 245 Ark. 357, 432 S.W. 2d 478 (where Maus' testimony included some errors made in mental calculations while on the stand); *Ark. State Hwy. Comm.* v. *Darling,* 243 Ark. 386, 420 S.W. 2d 94; *Ark. State Hwy. Comm.* v. *Carpenter,* 237 Ark. 46, 371 S.W. 2d 535 (wherein a part of the witness's testimony related to the cost of staying in motel while the home was put back into a livable condition); *Ark. State Hwy. Comm.* v. *Bowman,* 237 Ark. 51, 371 S.W. 2d 138 (wherein, in testimony to establish before and after values, the witness mentioned specific items of damages but was not clear as to whether he had simply subtracted them from the total or not); *Ark. State Hwy. Comm.* v. *Jackson County Gin Co.,* 237 Ark. 761, 376 S.W. 2d 553; *Ark. State Hwy. Comm.* v. *Wilmans,* 236 Ark. 945, 370 S.W. 2d 802 (wherein the witness took into consideration business profits in the valuation of one of two tracts).

It must be remembered that even though the landowner is a defendant, to be entitled to more than nominal damages, the burden of proving the amount of just compensation rests on him, not the condemnor, especially where damages to remaining lands are claimed. 5 Nichols on Eminent Domain 18-249, § 18.5; 27 Am. Jur. 2d 308, § 419; *Howell* v. *United States,* 442 F. 2d 165 (7 Cir., 1971). See also, *Kimball Laundry Co.* v. *United States,* 338 U.S. 1, 69 S. Ct. 1434; 93 L. Ed. 1765 (1949). There is no requirement that the condemnor introduce evidence on all elements of damage or any evidence at all. It could simply rely upon the weakness of the landowner's evidence and argue that it was incredible or that it was entitled to little or no weight.

Furthermore, evidence may be, and often is, admitted, not as a measure of damages to remaining lands, or even as an element of damages, but as an aid to the jury in determining just compensation. See, e.g., *Arkansas State Hwy. Comm.* v. *Ptak,* 236 Ark. 105, 364 S.W. 2d 794; *Arkansas State Hwy. Comm.* v. *Speck,* 230 Ark. 712, 324 S.W. 2d 796; *Kirk* v. *Pulaski Road Imp. Dist.,* 172 Ark. 1031, 291 S.W. 793.

From whatever perspective Montgomery's testimony is

viewed, it was admissible, at least in part, and the trial judge committed no reversible error. As against the only point urged for reversal, the judgment should be affirmed.