Garrett R. BROUWER *v.* Albert STEPHENS and Marie STEPHENS

CA 82-149                                      644 S.W.2d 329

Court of Appeals of Arkansas
Opinion delivered January 5, 1983

*Hardin, Jesson & Dawson,* by: *P. H. Hardin* and *Betsy Hall,* for appellant.

*Sexton & Porter, P.A.,* for appellees.

Tom Glaze, Judge. This appeal arises from the trial judge's decision that appellant removed topsoil from appellees' adjoining land, caused water to drain onto it, and damaged appellees in the sum of $2,047.37. For reversal, appellant contends (1) the chancellor failed to apply the proper measure of damages, and (2) his findings were against the preponderance of the evidence. We affirm.

The parties agree that the proper measure of damages is the difference between the fair market value of appellees' land before and after appellant caused the injury. *St. Louis Iron Mountain & Southern Railway Co.* v. *Miller,* 107 Ark. 276, 154 S.W. 956 (1913). Appellees presented evidence that they had spent $1,047.37 in attempting to put their land back the way it was before appellant removed the topsoil and to stop the flow of water from appellant's land onto their own. Appellees also called an expert witness, Lewis M. Ballard, to testify to the decrease in the value of the land. Mr. Ballard testified that the difference in before and after values was $3,750.00 in 1979 values and $5,000.00 in 1981 values.

The chancellor enunciated the proper measure of damages in his decree. Absent evidence to the contrary, we

must assume that he considered and applied this standard in awarding damages. He stated further that he had considered all testimony and evidence relating to damages in reaching the amount of the final award.

Appellant contends that the chancellor applied an improper measure of damages because no correlation exists between the damages suffered and the amount awarded. However, we believe that the chancellor had a basis for his award in the evidence presented, even though the amount awarded was not exactly the same as the difference between the before and after values set out by the appellees' expert witness. The Supreme Court has said that even though opinion testimony concerning value is uncontradicted, it is not conclusive and binding upon a jury since such testimony is only advisory or an aid to the jury in resolving an issue of fact. *Arkansas State Highway Commission* v. *Schanbeck,* 240 Ark. 277, 398 S.W.2d 897 (1966). The Court in *Schanbeck* relied on the rule that a jury has the unrestricted right to exercise its own independent thinking and judgment in translating the testimony into a finding of fact. *See also Fulbright* v. *Phipps,* 176 Ark. 356, 3 S.W.2d 49 (1928). The same rationale and rule is applicable to a court sitting as a fact-finder, when it decides the relative weight and sufficiency of opinion testimony.

Here, we believe the chancellor was justified in exercising his independent judgment in making a finding of fact concerning the amount of damage to the property in question. Although he awarded damages in an amount less than that to which appellees' expert testified, the amount awarded was not unreasonable in view of all of the other evidence presented. The chancellor, like a jury, was permitted to take into consideration not only the testimony of the witness, but the reasonableness of that testimony, the demeanor of the witness, his apparent candor and interest, and whether or not his testimony was in accord with sound judgment and common sense. *See Schanbeck, supra.*

Appellant's final contention is that the evidence of temporary or permanent damage to appellees' property was not sufficient to support a judgment. However, the chan-

cellor heard numerous witnesses testify about the removal of topsoil; he viewed photographs of the property which were introduced by both parties; and he personally viewed the property in question before finding that appellees had suffered permanent damage and were entitled to compensation. We cannot say that his findings were against the preponderance of the evidence or clearly erroneous, so we affirm. *Andres* v. *Andres,* 1 Ark. App. 75, 613 S.W.2d 404 (1981).

Affirmed.